°                              [No. 10,359.]
THE PEOPLE EX REL. PETER SMITH v. P. W. KEY-
    SER, JUDGE OF THE TENTH JUDICIAL DISTRICT.

PRACTICE IN CRIMINAL CASES—EXTENDING TIME FOR FILING BILL OF EX-
    CEPTIONS.—It is within the power of the Court to extend the time for pre-
    sentation of the draft of a bill of exceptions to an order on motion for a new
    trial.
IDEM—APPEAL FROM JUDGMENT.—Upon an appeal from the judgment with-
    out having made a motion for a new trial, the defendant may rely upon any
    of the grounds of exception mentioned in sec. 1170 of the Penal Code, and
    in such case he must have a bill of exceptions settled as provided in sec.
    1171.
IDEM—APPEAL FROM ORDER DENYING NEW TRIAL.—Instead of appealing
    from the judgment, the defendant may move for a new trial on any or all
    the grounds mentioned in sec. 1181 of the Penal Code, and if the motion be
    denied, may present the draft of a bill of exceptions, and have the same
    settled as provided in sec. 1174.
IDEM—BILL OF EXCEPTIONS ON MOTION FOR NEW TRIAL.—A motion for a
    new trial may be heard without any bill of exceptions.
IDEM—WHAT THE BILL OF EXCEPTIONS SHOULD CONTAIN.—After the denial
    of a motion for a new trial, the defendant may present the draft of a bill of
    exceptions containing any of the grounds relied on for a new trial. It should
    contain also so much of the evidence, proceedings, and decisions as may be
    necessary to explain such ground, and no more.

Original application for a writ of mandate to require the
respondent, as Judge of the Tenth Judicial District, to settle a
bill of exceptions in the case of *The People* v. *Smith*. The
facts are stated in the opinion.

*W. C. Belcher*, *A. L. Hart*, and *W. F. Goad*, for Petitioner.

*Attorney-General Hamilton*, for Respondent.

By the COURT:

In the action of the *People* v. *Smith*, the verdict was rendered
on the 23rd day of December, 1877, and a motion for a new
trial was made by the defendant on the 18th day of January,
1878, and on that day the motion was denied. On the same
day the Court ordered that forty days be allowed "in which to
file bill of exceptions"; and on or about the 1st day of March,
1878, the Judge of the Court ordered that the time be extended
to and including the 18th day of March, 1878, within which to

present the bill of exceptions. On the last named day, the draft of a bill of exceptions was, upon notice to the District Attorney, presented to the Judge for settlement; but the Court refused to settle the same, on the ground that it should have been presented within the time allowed by the Penal Code, after the trial.

We are of the opinion that the bill of exceptions ought to have been settled by the Judge. The defendant may appeal from the judgment, without having made a motion for a new trial; and on the appeal he may rely upon any of the grounds of exception mentioned in sec. 1170 of the Penal Code, and in such case he must have a bill of exceptions, settled as provided in sec. 1171. The defendant may, instead of appealing from the judgment, move for a new trial on any or all the grounds mentioned in sec. 1181; and if the motion be denied, may present the draft of a bill of exceptions, and have the same settled. as provided in sec. 1174. It is not provided in the Code that the motion for a new trial must be heard upon a bill or bills of exceptions; and although it may not be deemed improper practice to present bills of exceptions, on the hearing of the motion, covering all the grounds of the motion except that of newly discovered evidence, yet it is unnecessary to do so, and the motion may be heard without any bill of exceptions. After the denial of the motion, the defendant may present the draft of a bill, and it may contain any of the grounds upon which the defendant relied for a new trial; and it should contain also so much of the evidence, proceedings, and decisions as may be necessary to explain such ground, and no more. If, for instance, one ground of the motion be that the Court erred in the decision of a puestion of law, and the particular alleged error relied upon be the exclusion of certain testimony, the bill should set out the offered testimony, its exclusion, and the exception to the decision, and so much of the testimony and proceedings in the case as may be necessary in order to give point to the exception. An exception to such alleged error, and all the matters required to be stated in order that a review of the error may be had, may be set forth in a bill of exceptions to the order denying the motion for a new trial. And the same is true of the other grounds of the motion.

It appears by the petition that the time for presentation of the draft of the bill of exceptions to the order denying the new trial in the case above mentioned had been duly extended by the Court or the Judge, up to the time when it was presented for settlement.

Mandate ordered.