[S. F. No. 2914.  In Bank.—January 17, 1902.]

GEORGE WALKER, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, FRANK H. DUNNE, Judge, Respondent.

CRIMINAL LAW—CONVICTION OF EMBEZZLEMENT—ORDER DENYING NEW TRIAL—ARRAIGNMENT—APPEAL FROM SECOND ORDER—BILL OF EX-CEPTIONS.—Where, after a conviction of embezzlement, a motion for a new trial was made and denied, and not appealed from, but the defendant was not properly arraigned before judgment, and upon a subsequent appeal, taken more than a year thereafter, the cause was remanded, with directions to arraign the defendant for judg-ment, which was done, whereupon the defendant again moved for a new trial, and appealed from a second order denying the motion, the trial court can only be required to settle a bill of exceptions, setting forth both the proceedings had upon the former motion and those had upon the latter motion.

CXXXV. Cal.—24

ID.—APPEAL FROM JUDGMENT—BILL OF EXCEPTIONS—MANDAMUS.—A
bill of exceptions upon appeal from the judgment should only set
forth so much of the evidence as is necessary to explain the errors
of law relied upon, and where the only demand made was for the
settlement of a bill of exceptions containing all the evidence in the
case, such demand was properly refused, and where the court ex-
pressed its willingness to settle a proper bill of exceptions, *manda-
mus* will not lie to compel the settlement thereof.

PETITION in the Supreme Court for Writ of Mandate to
the Superior Court of the City and County of San Francisco
to compel settlement of a bill of exceptions upon appeal from
a judgment and from an order denying a new trial. Frank
H. Dunne, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Petitioner.

Osgood Putnam, for Respondent.

HENSHAW, J.—Petitioner, who was convicted of felony
embezzlement in the superior court, seeks by mandate to com-
pel the respondent to settle a bill of exceptions, to be used·
upon his appeal from what he designates the court's refusal
and denial to grant his motion for a new trial and from the
judgment pronounced against him.

It appears that the petitioner was convicted of the crime by
verdict of a jury before the Hon. William T. Wallace, then
judge of that criminal department of the superior court.
Before judgment was pronounced he made his motion for a
new trial, which motion was denied. No appeal was taken
from the order so denying his motion for a new trial, and the
time for the appeal from such order has long since elapsed.
He likewise moved the court to arrest judgment, and this
motion was denied. More than a year thereafter, defendant
made a motion to be discharged from imprisonment, a motion
in arrest of judgment, a motion to vacate the judgment, and a
motion to correct the judgment and minute entry, upon the
ground that on the sixth day of February, 1898,—the day and
date upon which the judgment of conviction was made and
entered in the cause,—he had not been duly arraigned upon
judgment before such judgment was pronounced. These

latter motions were made before the Hon. Frank H. Dunne, judge of the superior court, and were denied. The defendant then appealed to this court, and this court remanded the cause to the superior court, "with directions to arraign the defendant for judgment, and to proceed thereupon as it may be advised." Thereupon, and upon the third day of April, 1901, in accordance with this decision, the defendant was duly arraigned for judgment, and thereupon moved for a new trial, and also in arrest of judgment. The court did not in terms deny this last motion for a new trial, but refused to entertain it upon the ground that a motion for a new trial had already previously been made and denied as above set forth, that no appeal had been taken therefrom, and that the time for appeal had expired. The court then proceeded to pronounce judgment upon defendant. Defendant's counsel chose to consider the court's refusal to entertain the motion for a new trial as being a denial of the motion, and gave notice of appeal from the order denying defendant a new trial, and from the judgment, and within due time presented in connection with these appeals his proposed bill of exceptions. From the court's refusal to settle this bill of exceptions, or from the court's refusal to settle it as petitioner believes is his right to have it settled, he has sued out this writ of mandate.

While petitioner proposed but one bill of exceptions, and here contends that such bill should be settled as applicable to both appeals, it is necessary to this consideration that the subject-matters of a bill of exceptions from an order denying a new trial and of a bill of exceptions upon appeal from the judgment without a motion for a new trial, should be segregated and separately considered.

1. A motion for a new trial may be made in a criminal case and urged upon any or all of the grounds specified in section 1181 of the Penal Code. It is not necessary that a bill of exceptions, or a statement upon such motion, should be prepared in advance of the hearing of the motion. Upon denial of the motion such a bill of exceptions is necessary, and should contain so much of the evidence as may be proper for the elucidation of the points relied on. In this case it appears that a motion for a new trial was made and denied. The only provision as to the time when an application for a new trial should be made is found in section 1182 of the Penal Code,

which provides: "The application for a new trial must be
made before judgment." Such application was made in this
case before the Hon. William T. Wallace, then judge of the
superior court, and, as has been said, the motion was denied.
No appeal was taken from the order denying it, and the time
for appeal has elapsed. An appeal lies directly from the order
of the court refusing a new trial, and, to the end that there
may be saved to the defendant the benefit of the points which
it is contemplated may be reviewed only upon such motion, he
must cause to be prepared his bill of exceptions and appeal
directly from this order. The contention of the defendant
apparently is, that he may treat the order denying his former
motion for new trial as a nullity, and that he has upon denial
of his second motion for a new trial the right to the same
bill of exceptions that would have been his had no former
motion been made and denied. The trial judge, upon the other
hand, maintains the view that his right to make a motion for
a new trial, and to have it passed upon, is absolutely foreclosed
by reason of his former motion, its denial, and the passage of
time within which he could appeal therefrom. The trial court
in this instance announces its willingness to settle the bill of
exceptions containing these matters and facts,—namely, the
fact of, and the circumstances attending, defendant's former
motion for new trial, the denial thereof, the presentation of
the present motion, and the proceedings had by the court in
regard to that motion. Without forestalling what may be the
opinion of this court upon the matter when presented upon
appeal, it is sufficient to say that what the court offers in this
regard is all that the petitioner can demand. If it shall be
determined upon such appeal that petitioner is within his
right in treating his former motion for new trial as a nullity,
and in demanding a bill of exceptions covering all the points
made upon his last motion for a new trial, those rights will
be preserved when his appeal is determined. If, upon the
other hand, the position taken by the trial court is correct,
then petitioner has been offered by that court all that he is
entitled to have in his bill of exceptions upon that motion.

2. As to the bill of exceptions upon appeal from the judg-
ment, the Penal Code provides (sec. 1259): "Upon an appeal
taken by the defendant from a judgment, the court may
review any intermediate order or ruling involving the merits,

or which may have affected the judgment." In *People* v. *Keyser*, 53 Cal. 183, it is said that upon an appeal from the judgment, without having made a motion for new trial, defendant may rely upon any of the grounds of exception mentioned in section 1170, but in such case he must have a bill of exceptions settled as provided in section 1171. By section 1170 the following exceptions may be taken by defendant, and are consequently exceptions which, upon a proper bill of exceptions, may be reviewed upon appeal from the judgment alone: "1. In disallowing a challenge to the panel of the jury, or to an individual juror for implied bias; 2. In admitting or rejecting testimony on the trial of a challenge to a juror for actual bias; 3. In admitting or rejecting testimony, or in deciding any question of law not a matter of discretion, or in charging or instructing the jury upon the law on the trial of the issue." By a comparison of this section with section 1181, it will be seen that there are certain matters which may be pressed to the attention of the court upon motion for a new trial alone, and certain other matters which may be brought by a proper bill of exceptions to the attention of the appellate court, either upon denial of the motion for a new trial or upon direct appeal from the judgment, without the intervention of a motion for a new trial. For example, subdivision 5 of section 1181 declares that the court shall grant a new trial when it has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial. This language is the parallel of that found in subdivision 3 of section 1170. The errors of the court in instructing the jury upon the law are thus errors reviewable on direct appeal from the judgment. Those errors may arise in many ways. There may be an error in the exposition of a principle of law admittedly within the offense charged and the evidence brought to bear upon it. In such an instance the evidence in the case, or any part of it, is unnecessary. The instruction, by its very reading, would show whether or not it was a sound declaration of the law. But other cases may arise, and do arise, where the contention may be, and is, that the instruction, though correct in point of law, is inapplicable to any evidence in the case, or to any theory which may be taken of the evidence in the case. For example, the court might instruct upon the principle of flight or

escape as evidence tending to show guilt. The defendant might insist that there was no evidence whatsoever in the case tending to show that he had ever fled or had ever escaped from custody. If that were so, the instruction would be clearly erroneous. But it has been said, and repeatedly, that this court will not review the question of such errors in instruction, and that the judgment will not be reversed for such alleged errors, except, when looking at the testimony, the court can see that the jury may have been misled by them. (*People* v. *Donahue,* 45 Cal. 321; *People* v. *Strong,* 46 Cal. 302; *People* v. *Smith,* 57 Cal. 130; *People* v. *Gilbert,* 60 Cal. 108.) This court can only look at the testimony when it is presented to it in a proper bill of exceptions, and obviously, therefore, a defendant upon appeal from the judgment who should present this or like objections to the instructions, would be entitled to so much of the evidence as will enable this court to judge of the alleged error, or, if the record showed an absence of evidence, as in the case cited, of flight or escape, then to a declaration in the bill of exceptions that there was no such evidence. For if a defendant should make the point that there was absolutely no evidence bearing upon a given instruction, what could he do in his proffered bill of exceptions other than so to declare? If the declaration were inaccurate, it would become the duty of the district attorney to point out the evidence militating against the statement, and cause it to be inserted by way of amendment to the bill. So, too, as to the defendant's exceptions to the rulings of the court in admitting or rejecting testimony. His right to except to these is reserved by subdivision 3 of section 1170. His right to press his exceptions upon appeal from the judgment is preserved to him by section 1259, and the decision in *People* v. *Keyser,* 53 Cal. 183. He is entitled, as a necessary consequence, to so much of the evidence as may serve to point the exceptions which he has duly taken.

All this by way of a clearer understanding of the matters and things which a defendant is entitled to have embodied in the bill of exceptions upon appeal from the judgment alone. In this case it appears that the defendant made a demand that all the evidence should be included in his bill of exceptions, and upon the court's refusal to make such an order, coupled with a request that he point out the evidence that

he desired to have embodied in the bill of exceptions, and the points upon appeal to which he contended this evidence was properly addressed, he refused to make answer.  As was said in *People* v. *Fisher,* 51 Cal. 319, the language of which has since been repeatedly quoted, "It is impossible to conceive of a case in which it is necessary to bring up to this court all the evidence which was introduced at the trial." And the court was therefore justified in refusing such demand.  Defendant's right, and the limit of his right, as has been above indicated, is to have so much of the evidence as serves to elucidate his specific attacks upon the instructions, and so much of the evidence as serves to elucidate his exceptions to the rulings of the court in admitting and rejecting testimony, with the other matters contemplated by section 1170, embodied in the bill of exceptions upon appeal from the judgment alone, and it is not to be doubted that upon proper presentation of these matters the trial judge will duly settle such a bill.  He certainly has not refused to do so, so far as this record discloses, and the application for a writ of mandate is therefore denied.

McFarland, J., Beatty, C. J., Temple, J., Harrison, J., and Van Dyke, J., concurred.