[Crim. No. 5.   Third Appellate District.—May 29, 1905.]

THE PEOPLE, Respondent, v. AL DURAND, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—APPEAL FROM JUDG-MENT ALONE—INSTRUCTION—REVIEW OF EVIDENCE.—Upon appeal from a judgment of conviction of an assault with a deadly weapon, upon a bill of exceptions, where there was no motion for a new trial, if there is some evidence tending to show that the weapon was deadly, and an instruction correct in law was given upon that subject, the insufficiency of the evidence to show whether the weapon was deadly cannot be reviewed.

ID.—GROUND FOR NEW TRIAL—CONSTRUCTION OF CODE—APPLICABILITY OF INSTRUCTION.—The insufficiency of the evidence is made ground for a new trial under section 1181 of the Penal Code, and included in the provisions of section 1170 or 1259 of that code. Where it appears that a correct instruction is inapplicable to any evidence in the case, it may be reviewed upon a bill of exceptions upon appeal from the judgment, and it devolves upon the district attorney to show that there is some evidence to which it is applicable.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

E. W. Holland, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

CHIPMAN, P. J.—Defendant was convicted of the crime of assault with a deadly weapon.   He appeals from the judgment on a bill of exceptions duly settled and allowed.   There

was no motion to instruct the jury to acquit when the prosecution rested, nor for a new trial, and there is in the record no exception taken to any ruling or decision of the court. The court instructed the jury as follows: ''That in order to convict the defendant of the crime charged in the complaint, it must appear from the evidence, beyond a reasonable doubt, that the alleged assault was made with a deadly weapon, and that it is incumbent on the prosecution to prove beyond a reasonable doubt and to a moral certainty that the weapon mentioned in the information was in fact a deadly weapon.'' The point made by defendant is, that although the instruction is a correct statement of the law, the evidence is insufficient to establish as a fact that the weapon with which defendant was assaulted was a deadly weapon, and hence the verdict was in violation of the instruction given.

The attorney-general contends that the sufficiency of the evidence may not be inquired into on this record.

It was held in *People* v. *Keyser,* 53 Cal. 183, that the defendant may, upon an appeal from the judgment without having made a motion for a new trial, rely upon any of the grounds of exception mentioned in section 1170 of the Penal Code, and, of course, we may add, when the record contains a bill of exceptions, he may likewise rely upon any of such grounds. These grounds are stated in three paragraphs of the section, the first two of which can have no possible reference to the point made by defendant. The third paragraph also contains matter equally inapplicable to this case, and the only ground of exception at all applicable is an error of the court ''in charging or instructing the jury upon the law on the trial of the issue.''

Section 1181 of the same code enumerates in several different paragraphs the cases in which the court may, when the defendant has been convicted, grant him a new trial. It will be seen from a comparison of these two sections, as was said in *Walker* v. *Superior Court,* 135 Cal. 369, [67 Pac. 336], that ''there are certain matters which may be pressed to the attention of the court upon motion for a new trial alone, and certain other matters which may be brought by a proper bill of exceptions to the attention of the appellate court, either upon denial of the motion for a new trial or upon direct appeal from the judgment, without the intervention

of a motion for a new trial." The court then points out, by way of illustration, some of the matters which may be considered on an appeal from the judgment where there is no motion for a new trial. This exposition shows quite clearly that cases arise where "the instruction, though correct in point of law, is inapplicable to any evidence in the case, or to any theory which may be taken of the evidence in the case." An instruction upon the principle of flight as evidence tending to show guilt is given by way of illustration. Should defendant claim that there was no evidence whatsoever in the case tending to show that he had fled or attempted to escape from custody he would have the right to so claim in a bill of excetions on his appeal from the judgment, and it would be the duty of the district attorney to point out the evidence disputing such claim. So, also, as to defendant's exceptions to the rulings of the court in admitting or rejecting testimony. "His right to except to these is reserved by subdivision 3 of section 1170. His right to press his exceptions upon appeal from the judgment is preserved to him by section 1259 and the decision in *People* v. *Keyser*, 53 Cal. 183." But does the right extend to the case here? There was some evidence tending to show that the weapon used by the defendant, and with which he made the assault, was a deadly weapon. The claim is, that it was insufficient to prove the deadly character of the weapon, not that there was no evidence tending to show its character. If upon an appeal from the judgment alone the defendant may claim that the evidence is insufficient to establish the character of the weapon used in an assault, in order to show that the weapon used was not such as the instruction declared was essential to conviction of defendant, we do not see but that any other essential fact upon which there is a correct instruction, and as to which fact there is some evidence in the record, may also be reviewed in like manner, and the requirement of motion for a new trial would be practically abrogated. An instruction as to the doctrine of reasonable doubt would allow the defendant to have the evidence examined on his appeal from the judgment in order to show that there was grave doubt of his guilt. So also as to the intent with which the act was committed. Indeed, the rule would permit almost every fact tending to show guilt to be thus re-examined

without a motion for a new trial and on the appeal from the judgment alone. The provision of section 1259 is that on such appeal "the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment." If the claim had been that there was no evidence whatsoever tending to show that any weapon was used in the assault, or that there was no evidence whatsoever tending to show that the weapon used was a deadly weapon, the case possibly might be said to be similar to the case suggested in the illustration relating to the flight of a defendant. But such is not the claim, for, as we have seen, it is conceded that there was some evidence on the point.

In *People* v. *Ward*, 145 Cal. 736, [79 Pac. 448], the court did not find it necessary to decide the question now involved, but it was there said that a defendant cannot have reviewed an order which denies him a new trial on the ground that the verdict is unsupported by the evidence unless he shows by his bill of exceptions that he moved on that ground. The reason there given for requiring the bill to show that a motion had been made on the ground urged applies even more strongly to a case where it is sought to review the evidence on an appeal from the judgment.

The court cannot look to the testimony brought up by a bill of exceptions on an appeal from the judgment alone, unless authorized to do so on a motion for a new trial, except in cases arising under section 1170 as interpreted in *People* v. *Keyser*, 53 Cal. 183, or in cases to which section 1259 is applicable. The insufficiency of the evidence to sustain the verdict is expressly made the ground for a new trial under section 1181; it is not a matter mentioned in section 1170, nor is it included in the rights reserved to defendant by section 1259. There is a wide difference between the case where there is some evidence to a fact, although claimed to be insufficient, and where there is an entire absence of evidence to a fact concerning which there is an instruction. In the former case, if the instruction is correct as matter of law, the court cannot, on appeal from the judgment alone, look into the record to examine into insufficiency of the evidence, but defendant must move for a new trial to have the evidence reviewed. In the latter case, he may, on his appeal from the judgment alone, claim an entire absence of evidence, in

which case "the district attorney must," as was said in *Walker* v. *Superior Court,* 135 Cal. 369, [67 Pac. 336], "point out the evidence militating against the statement and cause it to be inserted by way of amendment to the bill."

The judgment is affirmed.

Buckles, J., and McLaughlin, J., concurred.