[Crim. No. 42.   Third Appellate District.—July 2, 1907.]

THE PEOPLE, Respondent, v. WALTER SILVERS, Appel-
lant.

CRIMINAL LAW—REVIEW UPON APPEAL—MOTION FOR NEW TRIAL—BILL
OF EXCEPTIONS.—Where the motion for a new trial in a prosecution
for felony is not embodied in the bill of exceptions, as required
by rule 29 of this court, no question which can be considered only
upon appeal from the order denying a new trial can be reviewed,
and the only questions to be reviewed are those that rise upon the
appeal from the judgment.

ID.—ARSON—INVOLUNTARY   CONFESSION—INADMISSIBLE   TESTIMONY—
UNTENABLE OBJECTION—STENOGRAPHER'S REPORT.—Upon a prosecu-
tion for arson, where it appears that the confession of the defendant,
in the office of the district attorney, was not freely and voluntarily
given, the testimony of the district attorney thereto was inadmis-
sible on that ground; but an objection that a stenographer's notes,
taken in the office of the district attorney at the time, was the best
evidence of what the defendant said, was not tenable.

ID.—INTRODUCTION OF STENOGRAPHER'S REPORT BY DEFENDANT—WAIVER
OF OBJECTION.—Where the defendant's counsel offered in evidence
the full stenographer's report of the defendant's confession, ex-
pressing his desire to have it appear in the record of the case, and
introduced it for all purposes for which it may be used, and read
the entire report of the confession to the jury, which was marked
"Defendant's Exhibit A," the defendant thereby waived all objec-
tions to the confession, and cannot complain of testimony prejudicial
to him, which he himself pressed upon the attention of the jury.

APPEAL from a judgment of the Superior Court of Sutter County.   K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

A. H. Hewitt, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

HART, J.—The defendant was convicted of the crime of arson, and presents this appeal from the judgment and the order denying his application for a new trial.   The attorney general, however, objects to the consideration by this court of any questions except such as are reviewable upon an appeal from the judgment, because there is nothing in the bill of exceptions showing that a motion for a new trial was made. There appears in the transcript, but not in the bill of exceptions, a paper purporting to be a motion for a new trial and the grounds thereof.   Under rule 29 of this court and the decisions expounding its scope and effect, any points, therefore, which may be considered by this court only upon an appeal from the order we have no authority to review.   (*People* v. *Ruiz,* 144 Cal. 251, [77 Pac. 907]; *People* v. *Durand,* 1 Cal. App. 71, [81 Pac. 672].)

The principal as well as the most serious point upon the merits presented for consideration by the record, and which is reviewable upon the appeal from the judgment, concerns and involves the ruling of the court admitting proof of an alleged confession of guilt of the appellant.   The defendant, it appears, had been employed for some time by a concern known as the "Armsby Preserving Company," at Yuba City, and had lodgings at the Windsor Hotel of that place. On the morning of the 7th of July, 1906, a few minutes after midnight, a fire was discovered in the "sitting-room" of said hotel by the son of the landlord.   The fire, after some effort, was extinguished, no great amount of damage having been sustained.   The defendant aided to some extent in the work of the extinguishment of the fire.   Later in the same day the defendant was arrested by the sheriff upon suspicion of having set the hotel on fire and was confined in the county jail.   On the tenth day of July, one Aitken, superintendent

of the "Armsby Preserving Company," called upon the district attorney and stated to that official that the defendant desired to make a confession, or admit his guilt of the crime of arson. The district attorney thereupon called in a stenographer, and then sent for the defendant, who was brought by the sheriff to the office of the prosecuting officer. The sheriff placed the defendant in charge of the district attorney and immediately thereafter left the latter's office. The defendant then made a statement, admitting his sole responsibility for the fire, explaining, however, that he started the fire not because of any malicious feeling against the landlord or any other person occupying apartments in the hotel, but because, when in a state of inebriety, which he claimed to have been his condition that evening, he seemed to possess an irresistible and unconquerable impulse to "see things burn." Besides the district attorney, there were present, when the defendant made the statement, said Aitken, a Mr. Stone, president of the Armsby Preserving Company, a Pinkerton detective and a brother of the defendant. The defendant not only admitted starting the fire in the Windsor Hotel, but declared that he had previously set a number of other buildings in Yuba City on fire, among which was a structure belonging to the Armsby Preserving Company. At the trial, after proof of the *corpus delicti,* the district attorney himself took the witness stand for the purpose of giving testimony relative to the defendant's admission of his participation in the crime. Preliminarily to giving evidence of the confession, the district attorney undertook to show, as it was incumbent upon him to do, that the same was free and voluntary, or without threats or other intimidation, or promises of favor or other inducements, and further testified: "When Walter Silvers came in I said to him that I understood he desired to make a confession. He said nothing at that time, but tears came to his eyes, and Mr. Aitken told him to brace up, saying: 'Brace up, old man, and it will be better for you, and tell everything you know.' He still hesitated for a moment and to relieve him until he regained his composure I asked him what his name was and how he spelled it." The district attorney, after stating that there were no inducements held out to the defendant to make a statement, proceeded to state: "In fact, I said to Silvers before he started to talk that if he did not want to make a statement he need not, but

I understood he did and was there for that purpose, or words to that effect; that if he did not want to make it, all right, and he thereupon made a statement confessing to this alleged offense.'' Objection was thereupon interposed by the attorney for the appellant to evidence of the confession upon the ground that, it appearing that a stenographer had taken and transcribed the declarations of the defendant, the writing or stenographer's transcription was the best and only competent evidence of the alleged confession, and, after some little discussion between court and counsel, objection was also made that the confession was not shown to have been voluntarily made. The court overruled the objections, and the district attorney then proceeded to give testimony of the alleged confession, confining himself to the statements of appellant regarding the particular offense charged in the information. It may here be parenthetically stated that Mr. Aitken, who, it will be remembered, gave the district attorney information of the desire of the defendant to make a statement, did not testify in the case, and there is, therefore, nothing in the record to indicate the circumstances under which Aitken was authorized by the defendant, if at all, to impart the information to the prosecuting officer that appellant wished to make a statement.

A distinction is made by many cases in this country and in England between confessions induced by one having no authority or control over the prisoner, and those induced by persons who have such authority, as constables, prosecutors and the like. ''But the cases seem to hold the owner of the goods stolen to stand in this relation.'' (*People* v. *Smith,* 15 Cal. 411.) The circumstances of each particular case must, however, serve as the sole criterion of whether an admission of guilt by an accused person is a voluntary confession or otherwise, where such confession is obtained through promises or threats by a party having no official authority over the case. A confession thus procured by a prosecuting officer, or one in official authority over the prisoner, is no doubt involuntary *per se*. In the case at bar, we know of no reason to entertain the slightest doubt that the alleged confession, obtained under the circumstances as detailed by the district attorney, was not only not voluntary, but was extorted from the defendant either through a feeling of fear with which, by some means on some occasion, he had been inspired or

through hope of clemency or mitigation of punishment. The defendant had been employed by and worked under Aitken, who took an active part in securing the statement, and there is enough in the record to warrant the inference that he had, previously to making the alleged confession to the district attorney, admitted to said Aitken that he was responsible for the incendiary burning of a building belonging to the company of which Aitken was the superintendent. According to the testimony of the district attorney, when he appeared before that official in his office for the purpose of making a statement, the defendant, upon being told of the purpose of the meeting, hesitated some time before speaking, and, in fact, was shedding tears and said nothing whatever until after Aitken, evidently in a manner indicating friendship, said, ''Brace up, old man. Tell the truth about it and it will be better for you.'' While Aitken was not a person ''in authority,'' this suggestion by him to the defendant was, nevertheless, made in the presence of one who was ''in authority,'' and the defendant had a right to assume, as in the nature of things he probably did assume, from the silence of the district attorney when Aitken thus addressed him, that whatever was or might be said by the latter was approved by the prosecuting officer. The statement is not a recital of the circumstances of the acts of the defendant in the form of a narrative, but consists throughout of categorical answers to questions propounded by the district attorney. It is true that the prosecuting officer said to the defendant, speaking of the burning of the hotel, ''You might tell us about the other night, if you want to tell the story. If not, do just as you choose about it.'' But just prior to that suggestion, Aitken, in addition to what we have already quoted from his remarks to the defendant at the beginning of the interview, and in reply to a declaration of the appellant that ''I am not going to tell lies—I am going to give the truth as near as I can tell it''—said: ''That is what we want you to do, and it will be a whole lot better for you and everybody concerned.'' Of course, it may be true that no part of the alleged confession which was not presented to the court before the decision of the preliminary issue as to whether or not said confession was freely and voluntarily made should be considered in determining whether the court's ruling in admitting it was erroneous or otherwise. It may be stated,

however, that nowhere does it appear in the record that the district attorney cautioned the defendant that the suggestions of Aitken were not indorsed by him, nor would be binding upon him in the prosecution of the case. We think that, under the circumstances, it was the duty of the district attorney to have explicitly explained to the defendant that the matter of making a statement concerning the offense for which, upon suspicion, he was then detained in custody, rested entirely with him; that he could make a statement if he so desired, or not make one if such was his disposition; that, notwithstanding Aitken's repeated suggestions that "it would be better for him to tell all," he would use against him in the prosecution of the case any incriminating declarations the defendant might make.

But, while we think the alleged confession was inadmissible because it was not free and voluntary, we also think that the defendant by his own act foreclosed his right to complain of the ruling of the court admitting it. The only objection made against the introduction of the alleged confession into the record when it was first offered was based upon the ground that the statement as taken and transcribed by the stenographer was the best evidence of the declarations of the defendant. The attorney for the defendant seemed to be persistently insistent on getting the entire statement before the jury until the court suggested that the preliminary issue to be determined was whether or not it involved a voluntary confession. At this juncture, the defendant's counsel for the first time made vigorous protest against the reception into the record of any evidence of the alleged confession upon the ground that no proper foundation had been laid for its admission. After the district attorney had been permitted by the court to state that the defendant had admitted setting the hotel on fire, counsel for appellant cross-examined him at length, bringing out fully the part which Aitken had taken in the interview, as already indicated, and then moved to strike out all the testimony of the witness as to the alleged confession because the same was not voluntary. The court denied the motion. Here the people rested their case, and thereupon the following proceedings were had:

"Mr. Hewitt (counsel for appellant). I now offer in evidence the confession of the defendant as actually made in the presence of the officers of the court.

"Mr. Schillig (district attorney). Very well. If you admit that is the confession of the defendant made on the 10th of July, 1906, I am willing it should go in evidence.

"Mr. Hewitt. I wish it to appear in the record of the case.

"The Court. You cannot introduce just to have it appear in the record. It must have some purpose.

"Mr. Schillig. I want it read to the jury.

"Mr. Hewitt. So do I.

"The Court. You may introduce it for all purposes for which it may be used.

"Mr. Hewitt. I so introduce it."

Thereupon Mr. Hewitt read the entire confession to the jury and it was marked "Defendant's Exhibit A." It will thus be observed that, although vigorously objecting to the admission of the confession into the record when offered by the people, appellant's counsel himself offered and had it received in evidence as a part of his defense "*for all purposes for which it may be used.*" And in so doing, the appellant surrendered all advantage which accrued to him by reason of the error in the ruling of the court admitting the confession at the behest of the prosecution. We are, we must confess, at a loss to understand why the defendant offered and insisted upon the admission of the complete statement of the defendant in evidence. It constituted all the evidence, so far as the record before us discloses, introduced or offered on behalf of the defendant. The written statement thus given to the jury through appellant's own act contained not only an admission of the commission of the specific offense for which he was on trial, but also a confession that he had a short time previously committed several other similar offenses in Yuba City. The district attorney, when testifying to the confession, expressly stated that he desired and intended to restrict his testimony to the declarations of the defendant involving only the particular crime charged in the information. If the defense had sought to show that the accused was insane or was for some other reason temporarily irresponsible at the time of the perpetration of the act, there might have been some reason, for aught that we can discern to the contrary, for the introduction of the whole statement of the defendant as a part of his case. But, as seen, there was no such defense interposed, nor in fact any

other evidence offered in his behalf. If counsel for the defendant could see any purpose, beneficial to the defendant, for giving the statement in its entirety to the jury, he could have succeeded in so doing without injury to his client had he pursued the course laid down in clear terms by the code. His objection to the testimony of the confession upon the ground that the written report thereof by the stenographer was the best evidence of what the defendant had said was not well taken. A witness is required to rely upon his recollection of the facts to which he is called to testify, but if he made a written memorandum of the facts at the time that they occurred, or at a time when they were fresh in his memory, or if such a memorandum has been made under his direction, and he is unable to detail the facts from his independent recollection of them, he may then resort to such writing for the purpose of refreshing his memory respecting such facts. In the event he finds it necessary to thus refresh his memory, the writing so used must be produced and "may be seen by the adverse party, who may cross-examine the witness upon it, *and may read it to the jury.*" (Code Civ. Proc., sec. 2047.) This rule is, of course, applicable where the evidence is, as was the fact at the particular stage of the case with which we are now dealing, addressed solely to the court upon the question of the admissibility of the alleged confession, and the full statement could then have been upon appellant's motion read to the court, and its purpose limited to an explanation, elucidation or amplification of the circumstances under which the same was obtained from the defendant, in order the better, perhaps, to enable the court to decide the point to which the evidence was addressed. It is, therefore, plain to be seen that the entire statement could have thus reached the jury, by an indirect course, it is true, yet with equal force and effect of a direct presentation of it to the triers, and, at the same time, without involving the sacrifice of the only point upon which the defendant could rely and hope for a reversal of the judgment against him. But it seems that counsel preferred to adopt a course which made him an indorser, not alone of everything contained in the statement of the defendant concerning the crime of which he was adjudged guilty, but of the circumstances under which that statement was secured, for he not only admitted it to be the *confession* of his client but offered it him-

self as evidence in the case "for all the purposes for which it may be used." The defendant has no conceivable ground upon which to complain of testimony prejudicial to him which he himself pressed to the attention of the jury. There are some other alleged errors specified, but they do not merit attention.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1907.