[Crim. No. 388.   Third Appellate District.—April 3, 1917.]

## THE PEOPLE, Respondent, v. GEORGE CLAYTON, Appellant.

CRIMINAL LAW—APPEAL FROM JUDGMENT—INSUFFICIENCY OF EVIDENCE REVIEWABLE.—Upon an appeal from a judgment in a criminal action the insufficiency of the evidence to support the verdict is reviewable, as well as upon an appeal from an order denying a new trial.

ID.—PREPARATION OF RECORD—SUFFICIENCY OF NOTICE.—In the taking of a criminal appeal it is not essential in the giving of the notice for the preparation of the record, as prescribed by section 1247 of the Penal Code, that any particular form of notice be given, as it is only necessary that the notice set forth in general terms the grounds of the appeal and the points relied upon, and designate the particular portions of the reporter's notes necessary to be transcribed to fully and fairly present such points. The efficacy of such a notice is not impaired by the statement of the appellant therein that he "thinks," or is of the "opinion," that all the testimony is necessary to the full and fair presentation of the points relied upon.

APPLICATION on appeal from a judgment of the Superior Court of Sacramento County for a further transcrip-

tion and certification of the testimony taken at the trial. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

Ralph H. Lewis, and Grover W. Bedeau, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

HART, J.—Upon a suggestion of diminution of the record, the defendant has applied to this court for a further transcription and certification of the testimony taken at the trial. (Pen. Code, sec. 1247c.) The application is supported by the affidavit of the defendant.

The attorney-general opposes the application for reasons to be hereinafter stated.

The defendant was, on the twenty-first day of November, 1916, found guilty by a jury, in the superior court of Sacramento County, of the crime of grand larceny. On the twenty-fourth day of said month the court pronounced its judgment of sentence upon the defendant, adjudging and decreeing that he be imprisoned in the state penitentiary, at Folsom, for the term of ten years. Thereupon, G. W. Bedeau, counsel for the defendant, announced in open court "that the defendant appealed . . . to the district court of appeal, in and for the third appellate district, from the final judgment of conviction, made, rendered and entered herein this day and from the whole thereof."

On the twenty-ninth day of November, 1916, counsel for the defendant filed with the clerk of the court a written document purporting to be the notice prescribed by section 1247 of the Penal Code upon which, when legally sufficient in all respects, a trial court is authorized and required to order the phonographic reporter who reported the case to transcribe such portions of the notes as in its opinion may be necessary fairly and fully to present the points relied upon by the appellant. Said notice set forth a number of the grounds, including that of the insufficiency of the evidence to support the verdict, which are enumerated in section 1181 of the Penal Code as the grounds upon which an application for a new trial may be made and granted. In addition to the

grounds mentioned, the notice also contained the following statement of the points upon which the defendant intended to rely: "1. Inadmissible and prejudicial statements made by witnesses for the prosecution, irrelevant to the issue, which served to poison the minds of the jury against defendant and prevent him from having a fair and impartial trial; 2. That the chief deputy district attorney, during the course of the trial, and during the course of his closing argument to the jury therein, was guilty of misconduct prejudicial to the defendant and which was intended to and did prevent this defendant from having a fair and impartial trial." The notice then concludes with the prayer or request that the court direct the phonographic reporter, who reported the case, "to transcribe all evidence and proceedings and all objections and exceptions made during the trial, and all rulings made thereon adverse to defendant, and exceptions made thereto, and all remarks of the judge or district attorney, made during the course of the trial and during argument in the presence of the jury, to which defendant objected and excepted." The notice proceeds: "Defendant, in his opinion, thinks it necessary in order to fairly present all his points on appeal, that the phonographic notes of the testimony of all witnesses, all proceedings, rulings and exceptions, had and taken at said trial, and the closing argument of the chief deputy district attorney be transcribed."

As much of section 1247 of the Penal Code as is relevant to the inquiry presented here reads: "Upon an appeal being taken from any judgment or order of the superior court, to the supreme court or to a district court of appeal, in any criminal action or proceeding where such appeal is allowed by law, the defendant, or the district attorney when the people appeal, must, within five days, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the judgment or order may be enforced as if no appeal had been taken. The court shall, within two days after the filing of such application make an order directing the phonographic reporter

who reported the case to transcribe such portion of his notes as in the opinion of the court may be necessary to fairly and fully present the points relied upon by the appellant.''

The position of the attorney-general in opposition to the allowance of the application herein asked for is: 1. That the paper or writing purporting to be the notice required by the above section for the transcription of all the testimony is legally insufficient—that is to say, that it does not comply with the requirements of said section; 2. That the point that the evidence is insufficient to support the verdict cannot be reviewed upon an appeal from the judgment, but only upon an appeal from an order denying a new trial, and that, as the defendant made no motion for a new trial, and so elected to rely for a review of his case solely on an appeal from the judgment, there is no necessity, so far as the question of the insufficiency of the evidence to uphold the verdict is concerned, for a transcription and certification to this court of all the testimony and proceedings of the trial.

We will first consider the point last above stated.

1. Prior to the adoption of the present method of taking appeals in criminal cases, it was requisite, in order to take such an appeal, to file with the clerk of the court in which the action was tried a notice stating the appeal from the judgment or order or from both, and serving a copy thereof on the adverse party. (See Pen. Code, ed. 1906, sec. 1240.) Such appeal, if not from the judgment only, upon the judgment-roll alone, was required to be supported by a bill of exceptions. (See Pen. Code, ed. 1906, sec. 1170.) Section 1171 of said code, as it then read, specified the points to the decision of which exceptions might be taken by the defendant. Under the then system of appellate procedure in criminal cases, as we shall presently see, the defendant could, upon an appeal from the judgment, rely on any of the exceptions specified in section 1170 of the Penal Code, it being necessary, of course, for him to have preserved and presented his exceptions in the manner prescribed by section 1171 of said code, as it then read.

The legislature of 1909, however, introduced radical changes in the system. Sections 1170, 1171, 1172, 1173, 1174, 1175, and 1177, all relating to certain exceptions which might be taken to rulings upon certain matters and to bills of exceptions and the manner of their preparation and settlement,

were in the year mentioned repealed (Stats. 1909, pp. 1083–1086), and a number of new sections, prescribing a different method of taking appeals and preparing the record thereon, were substituted in lieu of the former system. By the change so effected, the defendant may now take an appeal from the judgment by announcing personally or through his attorney in open court, at the time the judgment is rendered, that he appeals from the same; and from any appealable order after judgment by announcing in open court at the time the same is made that he appeals from the same. (Pen. Code, sec. 1239.) Thereupon the clerk must immediately enter in the minutes of the court the announcement of the appeal. The record on appeal must then be prepared, in pursuance of the notice required to be given, in accordance with the provisions of section 1247, *supra,* and the judge must then certify the same as required by section 1247a of said code.

Under the former system, there was no express provision of the Penal Code specifying the points which might be reviewed in criminal cases on an appeal from the judgment. Section 1181 then, as the same section does now, specified certain grounds upon which a new trial might be asked for and granted.

In the case of the *People ex rel. Smith* v. *Keyser,* 53 Cal. 183, the relator, having been convicted of a felony and duly noticed an appeal from the judgment and the order denying him a new trial, presented a bill of exceptions to the trial judge, who refused to settle the same for the reason that it was not presented within time. The defendant applied to the supreme court for a writ of mandate to compel the trial judge to settle the bill. The court said: "We are of the opinion that the bill of exceptions ought to have been settled by the judge. The defendant may appeal from the judgment, without having made a motion for a new trial; and on the appeal he may rely upon any of the grounds of exception mentioned in section 1170 of the Penal Code, and in such case he must have a bill of exceptions settled, as provided in section 1171." The conclusion thus announced was reaffirmed by the supreme court in *Walker* v. *Superior Court,* 135 Cal. 369, [67 Pac. 336], and *People* v. *Walker,* 142 Cal. 90, 93, [75 Pac. 658].

We can discern no just ground for holding, from any change made by the legislature of 1909, or by any subsequent legislature in the procedure relative to appeals in criminal

cases and the preparation of the records thereon, that there is now, under the existing system, any less reason for the application of the rule laid down in *People* v. *Keyser, supra,* than there was prior to the reform in the procedure referred to.   It is true that the ground that the evidence is insufficient to sustain the verdict was not referred to by section 1170, as it then existed, but said section did specify, among others, including that of exceptions to rulings on questions involving the admissibility of evidence, a number of grounds or exceptions which were then and are now reviewable on an appeal from the order, and nowhere in the Penal Code was there a provision expressly authorizing such review of those exceptions.   As before declared, there is not now and, so far as we are otherwise advised, there never has been, any express provision in the Penal Code specifically enumerating and so restricting the number or nature of the points which may be reviewed on appeal from the judgment.   Upon principle, it seems to us, there is every reason why the assignment that the verdict is not supported by the proofs should be reviewable on such an appeal.   If, without express authority therefor, it may with reason be held proper, as the Keyser case holds, that exceptions to rulings upon evidence may be reviewed on an appeal from the judgment, then, *a fortiori,* it is proper so to review the question whether the evidence is of sufficient strength to support the verdict; for the appeal from the judgment involves a direct attack thereon, while a motion for a new trial is a mere collateral assault upon the judgment. Quite consistently, therefore, and, indeed, most naturally, the question whether the verdict is sufficiently supported would arise on an appeal from the judgment, to nullify which or the verdict itself is always the very object of an attack thereon, even where such attack is collaterally made, as on a motion for a new trial.

The attorney-general declares, however, that "wherever an appeal from a judgment only has been taken the only papers which go up to the appellate court are prescribed by section 1246 of the Penal Code."   That section provides for the transmission by the clerk of the trial court to the appellate court, upon an appeal being taken thereto, of the papers and proceedings which, properly speaking, constitute the judgment-roll in a criminal case, and they must be so transmitted whether the appeal is from the judgment or from the

order denying a new trial or from both. They now consti-
tute the clerk's record and are so designated, and were for-
merly included in the bill of exceptions as a necessary part
of the record on appeal. As a matter of course, it is indis-
pensably necessary that the record, whatever its prescribed
form, should show that a judgment against the appellant had
been rendered, whether the appeal be from the judgment or
the order or both, otherwise there would be nothing in the
record to show that the court below had done anything which
would occasion an appeal.

The cases of *Turner* v. *Bauer,* 28 Cal. App. 311, 312, [152
Pac. 308], and *Mankins* v. *Forward Movement Syndicate,* 28
Cal. App. 285, [152 Pac. 313], cited by the attorney-general,
are wholly inapplicable to any question presented here. In
those cases it is merely held, as obviously no other conclusion
could be announced, that where the appeal is from the judg-
ment on the judgment-roll alone, the only recourse for the
ascertainment of the facts is to the findings, and that in such
case it will be presumed that the evidence justified the
findings.

But there is still another consideration which, it seems to
us, makes it not only proper but quite necessary, in almost
all cases, that the record on appeal should contain all the
material and important testimony received at the trial, and
this arises from the provisions of section 4½ of article VI
of the constitution. That section, as is now pretty generally
understood, provides that no judgment shall be set aside, or
new trial granted in any case, on the ground of errors in
instructing the jury or in the rulings of the court on the evi-
dence or in matters of pleading or procedure, unless, after
an examination of the entire cause, *including the evidence,*
the court shall be of the opinion that the error complained
of has resulted in a miscarriage of justice. Thus the appeal
courts, as should be so, are expressly enjoined from reversing
causes for error occurring in the trial of the case, however
obvious and glaring, unless the evidence is of such a charac-
ter as clearly to disclose that an affirmance would result in
a miscarriage of justice. The importance, therefore, of pre-
senting to the court to which the appeal has been taken all
the testimony upon the vital points in the case is, if for no
other reason than for that purpose, plainly apparent and
readily to be apprehended. A reviewing court would hardly

be in a position to determine whether a miscarriage of justice would follow the affirmance of a case in which the trial court had made egregious error in its rulings or instructions unless the evidence in full was before it, thus enabling it to determine, after a review thereof, whether the evidence appeared to be so conclusive of the defendant's guilt as to justify it in reaching the conclusion that an affirmance of the result arrived at by the jury would not produce a miscarriage of justice. But, as declared above, we think the testimony when brought up on an appeal from the judgment may be considered for any of the purposes of the appeal.

2. The notice filed by the defendant for the transcription of all the material testimony was in time and legally sufficient. No particular form of notice is required. All that is necessary is that the defendant shall, within the time prescribed, file a notice containing a statement setting forth in general terms the grounds of the appeal and the points upon which he relies, and designating therein the particular portions of the reporter's notes it will be necessary to have transcribed to fairly and fully present the points relied upon. This he has done, by designating all the testimony taken at the trial. The fact that he stated in the notice that he "thinks," or is of the "opinion," that all the testimony is necessary to the full and fair presentation of the points upon which he relies does not detract from the force or impair the efficacy of the notice for the purpose for which such a notice is required to be filed. In fact, it seems to us that the "designation" in any such case can be the result only of the opinion or belief or thought of the defendant that the testimony designated is necessary for the purposes of his appeal.

It follows from the foregoing views that the application for further transcription of the testimony in this case must be granted. It is, accordingly, ordered that the phonographic reporter, who reported the case, shall, within fifteen days from the date of the filing of this opinion, transcribe all such portions of the testimony taken and received at the trial of this case as have not already been transcribed and incorporated in the record now on file herein in this court, together with such portions of the address to the jury by the chief deputy district attorney as may be claimed to have been legally unwarranted and prejudicial to this defendant's substantial rights, and as are not incorporated in the transcript

now on file herein in this court, and to which remarks the said defendant duly excepted.

Chipman, P. J., and Burnett, J., concurred.