No. 9852.

THE STATE OF LOUISIANA vs. TOBE OLIVER.

When the accused has been once tried upon a valid indictment, and an improper verdict has been rendered by the jury, from which he has been relieved by the court, upon a motion for new trial and one in arrest of judgment, such former trial does not operate a bar to a further prosecution of accused upon the same *indictment*, and cannot sustain the plea of " twice in jeopardy."

Narrations of transactions in homicide trials are inadmissible as part of the *res gestæ*, unless they are admissions of the party charged. Comments and recitals of *observers* form no part of the *res gestæ*. Statements made by them are hearsay. They should be examined as to what they saw.

A PPEAL from the Second District Court for the Parish of Webster. Drew, J.

---

*M. J. Cunningham,* Attorney General, and *J. A. Lowry,* District Attorney, for the State, Appellee.

*D. W. Stewart* and *Watkins & Watkins* for Defendant and Appellant.

---

The opinion of the Court was delivered by

WATKINS, J. This case was before us at Monroe in June last. 38 Ann. 632.

The accused was indicted and tried under R. S., Sec. 791, on the charge of wilfully, feloniously and of malice aforethought, shooting Frank Key, with intent, then and there, to kill and murder him, etc.

State vs. Oliver.

The jury found him guilty of "*shooting with attempt to kill.*"

On defendant's motion in arrest of judgment, assigning that the one found by the jury was an illegal verdict, the trial judge arrested judgment, and set it aside and remanded the accused to await a new trial.

Claiming that the effect of the arrest of judgment and setting the verdict aside was to terminate the prosecution under the indictment, the accused brought up the case, and we held the ruling of the trial judge correct, and remanded it for retrial.

I.

On the second trial, in the court below, the objection was urged that the accused cannot again be put upon trial under *same* indictment, because hs has been once in jeopardy, as he was once arraigned thereunder and tried by a jury, and said jury agreed to a verdict, and he cannot be placed *twice* in jeopardy.

This motion and objection were, by the trial judge, overruled on the ground that the finding of the jury was equivalent to a *mistrial*, and because there " is no such crime denounced by the statute of the State " as the one of which he was found guilty.

In our former opinion we said : " Defendant moved for a new trial on several grounds, and also filed a motion in arrest of judgment, on the ground that the verdict is not responsive to the indictment and the variance is fatal, and *the accused should be finally discharged, as in effect acquitted.* The *two* motions were tried together, and judgment was rendered," etc.

The constitutional provision relied upon is " that no person shall be held to answer for a capital crime, unless on a presentment or indictment by a grand jury ; * * * nor shall any person be *twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or when there is a mistrial, or a motion in arrest of judgment* is sustained." (Const., Art. 5.

All of its conditions have been fulfilled. The purport of our previous opinion is that the accused was *not, in effect, acquitted,* as was at that time contended. The former appeal was *only* entertained upon appellant's *theory,* that the *effect* of the judgment, on motion in arrest, was to *terminate the prosecution.* Otherwise the appeal would have been dismissed.

The judge's ruling was correct.

II.

Another bill was reserved by the accused to the admission of the declarations of Nancy Key to Allen Webb, as part of the *res gestæ.*

The trial judge assigns the following reasons for admitting the evidence :

" The evidence shows that Allen Webb lived about one hundred or one hundred and fifty yards from the place of the shooting; heard the report of the gun, and the *outcry* of Nancy Key ; and went immediately to the place in a run, making a very short space of time between the firing and the declaration, and what *any one* said at that time *was* a part of the *res gestœ*."

The *particular* objection urged to the reception of the testimony offered on the part of the State, was, that Nancy Key was a third person—a mere *observer*—and not one of the participants in the transaction ; and that her statements are hearsay.

This objection is supported by authority.

Dr. Wharton says : " It is agreed on all sides that narrations of a transaction are *inadmissible, unless admissions by the party charged, etc.*" Wharton, Crim. Law, sec. 262.

Again : " The distinguishing feature of declarations of this class is that they should be the *necessary* incident of the litigated act. ˟ ˟

" Under the rule before us, evidence in homicide trials has been received of the exclamations of the defendant at the time of the attack, etc. ˟ ˟ ˟ But the comments and criticisms of *observers* cannot be introduced as *res gestœ*.

" Such persons must be called in court and examined as to what they saw. Their statements made at the time are hearsay. Sec. 263.

Roscoe's Crim. Ev., p. 23 : " In this case it is *not* the relation of *third persons* unconnected with the fact which is received, but the declarations of the parties to the facts themselves, or of others connected with them in the transaction, which are admitted for the purpose of illustrating its peculiar character and circumstances."

Bishop announces the exception to the rule thus :

" But while the declarations and actions of persons, *neither on trial nor injured by defendant's acts*, may be admissible to do so, such persons *must be otherwise connected with the transactions than as mere lookers-on*." 1 Bishop Crim. Ev. Sec. 1087 ; 38 Ann. 66, State vs. Frank Moore.

The defendant's objection to the declarations made by Nancy Key to Allen Webb, a witness for the State, should have been sustained and the evidence rejected. It may have exercised a prejudicial effect

upon the minds of the jury and against the accused. He is entitled to a new trial.

It is therefore ordered, adjudged and decreed that the verdict of the jury be set aside, and the judgment and sentence thereon based be annulled, and the cause remanded for further proceedings according to law.