## CLEO MITCHELL v. THE STATE.

### No. 5096. Decided June 28, 1918.

**1.—Assault to Murder—Hearsay Evidence.**

Where, upon trial of assault to murder, the State was permitted to show by its witness what another party said that defendant said, which was denied by the other party, the same was purely hearsay and inadmissible. Following Casey v. State, 49 Texas Crim. Rep., 174, and other cases.

**2.—Same—Continuance.**

Where the application for continuance showed due diligence and the materiality of the testimony of the absent witness, a continuance should have been granted.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case

*R. T. Lipscomb,* for appellant.—Cited Branc v. State; Ballard v. State, 71 Texas Crim. Rep., 587, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder and allotted a term of ten years in the penitentiary.

· The assault was committed upon his wife. The sharply contested issue of the case was whether appellant shot his wife intentionally or accidentally or unintentionally. There were three eyewitnesses, defendant, his wife, and his brother Charley. Appellant's contention was that it was an accident. His brother testified substantially in support of appellant's theory. Repeating the testimony of the various witnesses would serve no practical purpose.

The record contains several bills of exception. One of the bills shows that the shooting caused a great deal of turmoil about the house, where there were several others besides the three mentioned, and appellant was very much disturbed and "scared." Shortly after the shooting he ran out in the yard and called to some neighbors who lived a short distance away. They came to the house. After reaching there they had a conversation with the mother of defendant in his absence. The State was permitted to show by these witnesses "that Mrs. Nettie Mitchell, the defendant's mother, stated to the witness that the defendant told her that he did not intend to live with Reba, his wife, and that Mrs. Nettie Mitchell asked Reba in the presence of the witness to say that the shooting was an accident." The judge in his explanation refers to the statement of facts for an elucidation of this matter, and then recites the various objections urged by counsel to the introduction of this testimony. The statement of facts and record will show that Mrs. Mary Kemper was used with reference to this matter as a State's witness. It will also show that defendant was not present, heard none of these statements, and, therefore, in our judgment, not a part of the res gestae. Mrs. Nettie Mitchell, who was a very material witness for the appellant, but upon this question had been made a State's witness, it not having been brought out nor referred to by defendant. It is also shown in this connection that Mrs. Mitchell was by the State asked if she made these statements to Mrs. Kemper, which she denied. The State then was permitted to prove by Mrs. Kemper the above quoted statement imputed to Mrs. Mitchell. We are of opinion this was hearsay and not admissible. If it had been shown as original testimony by the mother, Mrs. Mitchell, that her son had made these statements, it would have had a serious bearing upon the case. It was not Mrs. Mitchell testifying, or any other witness testifying, to what defendant said, but it was Mrs. Kemper testifying to what Mrs. Mitchell said the defendant said, which was denied by Mrs. Mitchell. Testimony of this sort can not be gotten before the jury in this way for any purpose, even to impeach, and in support of this we cite Wells v. State, 43 Texas Crim. Rep., 451; Casey v. State, 49 Texas Crim. Rep., 174; Branch's Crim. Law, sec. 871. This was not a permissible way of impeaching this witness. What has been said with reference to this bill of exceptions will apply to some of the other bills which will be understood by the trial court without discussing them. The same question is raised by such bills.

A bill of exceptions also was reserved to the court's charge. The rejection of this testimony upon another trial renders it unnecessary to discuss the charge of the court in this connection. It will not be given. The court's charge was erroneous as is shown by the decision in Green's case, 49 Texas Crim. Rep., 645, and Ballard's case, 71 Texas Crim. Rep., 587. Other cases might be cited, but the same error should be avoided upon another trial in regard to charging as to the testimony of other witnesses. It is unnecessary to discuss those. It is covered by what has been said. See cases cited.

The defendant filed an application for continuance. Without stating the various methods and means used to obtain the testimony of the absent witness, we are of opinion that the case would have to be reversed on account of the absence of this witness. The statement is quite lengthy with reference to these matters and we deem it unnecessary to go into a detailed statement of the matter. His testimony would have been to the effect that he talked with the wounded woman very shortly after the shot was fired, when she was lying in bed and suffering intensely and barely able to talk on account of the condition of the wound and blood in her throat and mouth, and that she told him the shooting was accidental and unintentional. This is the substance of it. We would feel impelled to reverse this case for the absence of this testimony under the circumstances, but it is referred to so that the witness may be present and testify upon another trial.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*