# COURT OF APPEALS.

## January 7, 1919.

## THE PEOPLE v. ATTILIO DE SIMONE.

### (225 N. Y. 261.)

(1.) APPEAL—NON-UNANIMOUS DECISION OF APPELLATE DIVISION AFFIRM-
ING A JUDGMENT OF CONVICTION—COURT OF APPEALS MUST EXAMINE
RECORD TO ASCERTAIN WHETHER THERE IS EVIDENCE TENDING TO SUPPORT
VERDICT OF GUILTY.

Where a decision of the Appellate Division affirming a judgment con-
victing a defendant of murder in the second degree is not unanimous
the Court of Appeals must examine the record to ascertain, as a question
of law, whether there is evidence tending to support the verdict of
guilty, and also to ascertain whether any alleged error, raised by an
exception at the trial, has validity.

(2.) SAME—EVIDENCE—ERRONEOUS REASON FOR RECEIVING COMPETENT AND
ADMISSIBLE EVIDENCE NOT SUFFICIENT GROUND FOR REVERSAL OF JUDG-
MENT.

Where evidence is competent and admissible it is immaterial that an
improper ground for receiving it was stated, and a judgment convicting
a defendant of murder in the second degree will not be reversed for such
alleged error.

(3.) SAME—WHEN STATEMENTS MADE BY WITNESS ADMISSIBLE AS EX-
PLANATION OF THE CONDUCT AND ACTS OF THE WITNESS.

Upon the trial of defendant herein a police officer who helped in the
arrest of the defendant testified that, hearing a shot, he was running
to the place from which the sound came and as he reached a street corner
"somebody in the crowd hollered 'He ran over Houston Street,'" and
looking he saw the defendant running and followed him, overtaking him
as another officer stopped him. He found upon the ground near the
defendant the pistol which was introduced in evidence. Defendant's
counsel objected to the statement of the witness that " 'somebody in the
crowd hollered,' as incompetent, irrelevant and immaterial, hearsay in
the absence of this defendant and not binding on the defendant." The
court overruled the objection on the ground that the testimony was part
of the res gestae. Held, that the testimony, although hearsay, was com-

petent, not as of the *res gestae,* but as part of the relevant explanation and description of the acts of the witness, in acquiring the testimony given by him.

People v. De Simone, 181 App. Div. 840, affirmed.

(Argued October 30, 1918; decided January 7, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 1, 1918, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of murder in the second degree.

The facts, so far as material, are stated in the opinion.

*Frank Moss, Isidor Wels* and *Caesar B. F. Barra,* for appellant. The court improperly admitted evidence of remarks by a stranger on the street, after the alleged homicide. (Chamberlayne on Evidence, § 2597; Bradshaw v. Commonwealth, 10 Bush [Ky.] 576; State v. McCoy, 111 Mo. 517; Campbell v. State, 30 Tex. App. 645; Bishop's New Crom. Pro. [2d ed.], § 1087; Flynn v. State, 43 Ark. 289; Fittin v. Sumner, 163 N. Y. Supp. 443, 176 App. Div. 617; Greenfield v. People, 85 N. Y. 75; People v. Decker, 143 App. Div. 590; Homer v. Everett, 91 N. Y. 641; Ex parte Kennedy, 57 S. W. Rep. 648; Wharton's Crim. Evidence [10th ed.], § 270; People v. Marendi, 213 N. Y. 600.)

*Edward Swann,* District Attorney (Robert C. Taylor of counsel), for respondent. In view of Harson's testimony, the bystander's utterance was receivable to show why Harson changed his course and acted as he did. (People v. Taylor, 36 Hun, 639, 3 N. Y. Crim. 297, 101 N. Y. 608; People v. Prince, 143 App. Div. 524; Coleman v. People, 58 N. Y. 555; Cowen & Hill's Notes [ed. 1839], 562, n. 432; Wigmore on

Ev., §§ 416, 655, 730, 1130, 1791; People v. Lindsay, 63 N. Y. 143; People v. Robinson, 163 App. Div. 853, 212 N. Y. 569.) The utterance was a verbal act, and admissible as part of the *res gestæ,* so called.    (Bish. New Crim. Pro. [2d ed.], § 1086; Chamb. Mod. Law of Ev., § 2597; Wigmore on Ev., § 1755; Milne v. Leisler, 7 H. & N. 786; Lord George Gordon's Case, 21 How. St. Tr. 542; People v. Most, 128 N. Y. 108; Hine v. N. Y. El. R. Co., 149 N. Y. 154, 162; Greenl. on Ev., §§ 108, 109; Messmer v. H. W. Boettger Silk F. Co., 160 App. Div. 519; Wigmore on Ev., § 1770; Hallahan v. N. Y., L. E. & W. R. R. Co., 102 N. Y. 194.)

COLLIN, J.:

The defendant was convicted by the verdict of a jury of murder in the second degree, in that he shot and killed Alexander Della Rosa.    The judgment of conviction was affirmed by the non-unanimous decision of the Appellate Division.    Because the decision of the Appellate Division was not unanimous we must examine the record presented to us to ascertain as a question of law whether there is evidence tending to support the verdict.    (People v. Smith, 162 N. Y. 520, 15 N. Y. Crim. 1.) We must, additionally, ascertain whether any alleged error raised by an exception at the trial has validity.    (People v. Grossman, 168 N. Y. 47; People v. Sherlock, 166 N. Y. 180.)

It is manifest in an examination of the record that there was evidence from which the jury were justified in finding the defendant guilty of the crime of which he was convicted.    That conclusion is not, and could not be, seriously combatted by the briefs and argument of his counsel.    He does, however, urge before us several alleged errors.    We have concluded that one only of them merits discussion in an opinion, the facts relative to which are:  The shooting occurred on July 25, 1916, at about seven o'clock and fifteen minutes in the afternoon on the west side of Thompson street in the city of New York.    Thompson

22

street runs north and south.    At the distance of about eighty
feet south from the place of the shooting, Thompson street is
intersected by West Houston street, running east and west.   The
people had as a witness in their behalf Charles R. Harson, who
testified:   At the time of the shooting he was a police officer
on duty on Thompson street; while standing on the east side of
that street at a point about seventy-five feet south of West
Houston street he heard the firing of five or six shots at a point
on the west side of Thompson street and north of West Houston
street; he immediately ran to the north, crossing Thompson
street from the east to the west side diagonally as he ran; in
crossing a wagon in front of him barred his view of Thompson
street to the north; as he, having crossed West Houston street,
was at a point on the west side of Thompson street about ten feet
north of the northwest corner of those streets somebody in the
crowd hollered, " He ran over Houston street; " he immediately
turned and looked over West Houston street and saw, for the
first time, about twenty-five feet from that corner and running
westerly in that street, the defendant, whom he pursued; he did
not notice, at that time, any one else running westerly on that
street; when he reached the defendant another officer had
stopped him; he found upon the ground near the defendant the
pistol which was introduced in evidence.   When, in giving his
testimony, he had said that " somebody in the crowd hollered "
the defendant's counsel objected to his stating what was said
" as incompetent, irrelevant and immaterial, hearsay in the
absence of this defendant and not binding on the defendant."
The court overruled the objection, stating:   " I think it may be
stated that he heard shots and ran.   I think it is part of the
*res gestœ.*"   The defendant excepted to the ruling.

We have concluded that the testimony thus objected to was
competent, not as of the *res gestœ,* but as a part of the relevant
explanation and description of the acts of the witness.

The testimony is manifestly hearsay.   The main or principal

transaction being investigated and adjudged, through and by virtue of the trial, was the shooting, the circumstances and conditions attendant upon or surrounding it and was it done by the defendant under those circumstances and conditions. In the investigation, deeds and statements of the participants in the transaction, or of observers of it, which accompanied, emanated from and were a part of it, could be detailed by witnesses who saw or heard them. Deeds and acts which explain, describe or characterize the transaction as an accomplished act are to be distinguished from those which are a part of it and are forced or brought into utterance or existence by and in the evolution of the transaction itself, and which stand in immediate causal relation to it. The former are hearsay and not competent as evidence; the latter are of the *res gestæ* and are relevant and competent. In these cases the statements of observers of the criminal act have been held incompetent as not of the *res gestæ:* Flynn v. State (43 Ark. 289); State v. Oliver (39 La. Ann. 470); State v. Bellard (50 La. Ann. 594); State v. Riley (42 La. Ann. 995); Ganaway v. Salt Lake Dramatic Assn. (17 Utah, 37); State v. Walker (78 Mo. 380); Stroud v. Commonwealth (14 Ky. Law Rep. 179). In these cases the statements of observers of the criminal act have been held competent as of the *res gestæ:* Lander v. People (104 Ill. 248); State v. Kaiser (124 Mo. 651, 666); State v. Walker (78 Mo. 380); State v. Gabriel (88 Mo. 631); State v. McCourry (128 N. C. 594); State v. Biggerstaff (17 Mont. 510); State v. Duncan (116 Mo. 288); State v. Desroches (48 La. Ann. 428).

It is unnecessary to analyze or state the principles applied in those cases. The admissibility of the testimony under consideration is not determined by them. It does not appear that he who called out saw the shooting or knew that the man who ran over Houston street did the shooting, or that a person had been shot. The statement was not so interwoven or connected with the principal event or transaction as to be regarded as a

part of the transaction itself, and was not admissible as of the *res gestæ*.

The testimony of the witness that the man running away was the defendant, and, in connection with other evidence, that the witness found the pistol near the defendant where stopped by the other officer was material, relevant and competent. The witness might properly and competently testify to the facts which explained and described his conduct and acts in acquiring such testimony. The hearing by him of the firing of the shots at the named point, the running and crossing of Thompson street, the obstruction by the wagon of his view towards the man running towards him, the passing over West Houston street, the turning about and running upon West Houston street were such facts. In case he when running toward that street had seen the running man approach and turn upon it and had followed him he could have so testified. In case as he was approaching that street the bystander had pointed in the direction of the fleeing man and he had followed the pointed direction he could have so testified. The words called out, in fact, were of the same quality and nature, as evidence, as the actual hearing of the fired shots, or the seeing of the running man, or the pointed direction in the supposed cases. It is true the character of the accused testimony admits the possibility of its use for an improper purpose and to the prejudice of the defendant. If it would naturally or within reasonable contemplation have been deemed by the jury as the equivalent of the statement that the man who did the shooting ran over Houston street, or as testimony identifying him who ran as a murderer, it manifestly was hearsay and incompetent. We are very certain that the jury could not so have deemed it. The witness Harson was the People's first witness and the testimony was given at the commencement of his direct examination. Except through the opening address of the district attorney, which was brief, very general and contained no reference to the subject-matter of the testi-

mony, the jury had not information of the circumstances and conditions of the shooting. There was no connection between the bystander calling out and the shooting. There was no fact which directly or indirectly induced the thought to the jury that the bystander was identifying a murderer. The testimony could not naturally or reasonably have expressed more to the jury than would the testimony of the witness that he saw the running man and followed him.

The evidence being competent and admissible it is immaterial that an improper ground for receiving it was stated.

The judgment of conviction should be affirmed.

HISCOCK, Ch. J., CUDDEBACK and CARDOZO, JJ., concur; CHASE and POUND, JJ., concur in result under section 542 of the Code of Criminal Procedure; ANDREWS, J., not sitting.

Judgment of conviction affirmed.