<hr/>

## McWHORTER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 5, 1922.)

No. 3610.

1. **Criminal law ⬭1169(1)—Statements and acts of third person, not shown to be defendant's agent, held prejudicial.**

In a prosecution for violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), evidence of an offer by a third person, not shown to have been defendant's agent, to induce witnesses to leave the city, and of such person furnishing the witnesses with narcotics, was highly prejudicial to defendant, as indicating to the jury an effort to suppress evidence which would amount to a confession of guilt.

2. **Criminal law ⬭417(11)—Statements of third person, not agent of accused, are ordinarily inadmissible.**

Acts and statements of a third person, not shown to have been an agent of accused, are inadmissible, even though they do not violate the rule against hearsay, unless they are part of the res gestæ of the transaction, or are acts of a conspirator in furtherance of the conspiracy, or come within some similar exception.

3. **Criminal law ⬭410—Agency cannot be established by acts and declarations of agent.**

In a prosecution for crime, the agency of a person whose acts and declarations are offered in evidence against accused cannot be established by proof of acts and declarations of the alleged agent, ·in the absence of proof that accused had knowledge of such acts and declarations, and either acquiesced or assented thereto.

4. **Criminal law ⬭410—Suspicion declarant was agent of accused is insufficient to make statement competent.**

Mere suspicion, based on the association of the accused with the alleged agent, is not sufficient to establish the fact of agency, so as to make the declarations of the alleged agent admissible against accused; but there must be some definite and substantial evidence, either direct or circumstantial, tending to prove the authority of the agent.

. In Error to the District Court of the United States for the Southern Division of the Eastern District of Tennessee; Edward T. Sanford, Judge.

L. B. McWhorter was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Reversed and remanded.

<hr/>

⬭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

.Floyd Estill, of Chattanooga, Tenn. (Fred Shepherd, of Chattanooga, Tenn., on the brief), for plaintiff in error.
George C. Taylor, U. S. Atty., of Greeneville, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge.    At the November term, 1920, of the United States District Court for the Eastern District of Tennessee, Southern Division, the plaintiff in error, Dr. L. B. McWhorter, was charged by indictment containing 11 counts with as many separate violations of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q).    To this indictment he pleaded not guilty.    Upon trial of the issues so joined the jury returned a verdict finding him guilty in manner and form as charged in the sixth, seventh, and eleventh counts of the indictment, and not guilty as to the remaining counts.    A motion and amended motion for a new trial were overruled, and defendant sentenced upon the verdict.

The eleventh count of this indictment charges the defendant with the unlawful sale of a quantity of morphine sulphate to one Earl Thomas. During the trial the government called Earl Thomas as witness for the prosecution.    Over the objections of the plaintiff, this witness was permitted to testify that a few days before the trial—

"He [Lawson] asked me—said, 'If I get you and Hudson enough dope to go down the road apiece, and work for probably the next Thursday or Friday, and give you money to last you, will you all go?    And me and Hudson told him we would, and so Saturday, some time, we met him, and he said he failed to get the bus that we was to go on, and it was some time Sunday that Lawson said, 'Well, Dr. McWhorter is feeling better.' "

The witness was further permitted to testify, over the objection of defendant, that Lawson took them to the fourth floor of the Temple Court Building, on the second floor of which building Dr. McWhorter had an office; that when Lawson left them locked in this room he said he was going to Dr. McWhorter's office to get some narcotics; that he shortly returned and gave portions of this drug to the witness and Hudson three or four times a day.    At one time witness got 30 grains.

[1] Under the situation developed on the trial, this evidence was highly prejudicial.    It tended to show that respondent, through Lawson, was engaging in an effort to suppress evidence, which, in the mind of the jurors, would amount to a confession of guilt.    Lawson was not called as a witness, nor was any evidence introduced on the part of the government tending to show that Lawson was acting as the agent for the defendant, or that the defendant had any knowledge whatever that Lawson had made this proposition to these witnesses, or that he was detaining them in this building and furnishing them with the drug. The court overruled the objection to this evidence upon the theory that the statements made by Lawson to the witness was not hearsay evidence.    Strictly speaking, these statements are not hearsay evidence, and, if competent and relevant, the person to whom they were made could testify in reference thereto; but they are statements, declarations, and actions of a third person, that could not be admitted in evidence against the defendant, or even against a party to a civil suit,

unless there was other competent evidence tending to prove that such third person was speaking and acting for and on behalf of the defendant or other party to the action.

[2] In the trial of a criminal case, acts and declarations of a third party at the time of the commission of an offense charged, or substantially coincident therewith, may be introduced in evidence as part of the res gestæ, upon the theory that acts and words so closely connected with the main fact as to really constitute a part thereof, are necessary to a proper understanding of the main transaction. It is also true that, in a prosecution for rape, the declarations of the prosecuting witness, made to the first person with whom she talks after the criminal assault upon her, are admissible in evidence, and in prosecutions for conspiracy the acts and declarations made by one of the conspirators in the furtherance of the conspiracy may be received in evidence against all of his co-conspirators; but, aside from exceptions of this character, the rule is firmly established that declarations of third persons cannot be introduced in evidence against the defendant on the trial of a criminal case, in the absence of other substantial evidence tending to prove that such third person is speaking or acting for and on behalf of the defendant and with the defendant's knowledge and consent. Upon this proposition there is no conflict in the authorities. 22 Corpus Juris, § 189 et seq., pp. 219, 220, and cases there cited; Mitchell v. State, 84 Tex. Cr. R. 36, 204 S. W. 767; Greenwood v. State, 84 Tex. Cr. R. 548, 208 S. W. 662; People v. DeSimone, 225 N. Y. 261, 121 N. E. 761; Lambert v. People, 76 N. Y. 220, 32 Am. Rep. 293; People v. Long, 7 Cal. App. 27, 93 Pac. 387; 16 Corpus Juris, 579; People v. Sartori, 168 Mich. 308, 134 N. W. 200; People v. McBride, 120 Mich. 166, 78 N. W. 1076; Dietzel v. State, 132 Tenn. 47, 177 S. W. 47; Wharton's Criminal Evidence (10th Ed.) p. 1430, § 698; Pearce v. Kyzer, 16 Lea (84 Tenn.) 521, 57 Am. Rep. 240; Motes v. U. S., 178 U. S. 458, 473, 20 Sup. Ct. 993, 44 L. Ed. 1150; State v. Holdsclaw, 180 N. C. 731, 105 S. E. 181.

[3] It is insisted upon the part of the government that, where there is no direct proof obtainable, the fact of agency may be established by circumstantial evidence, and that in such case the facts and circumstances showing the relation of the parties and their treatment of each other, as throwing light upon the character of such relations, are admissible in evidence. 2 Corpus Juris, p. 944; Turner et al. v. Yates, 57 U. S. (16 How.) 14, 14 L. Ed. 484. In this case, however, there were no facts and circumstances established by any evidence tending to show the relation of Lawson to McWhorter, or their treatment of each other. Agencies cannot be established by proof of acts and declarations of the alleged agent, in the absence of evidence tending to show that the principal had knowledge of such acts and declarations, and with such knowledge either acquiesced or assented thereto. Railway Co. v. Bank, 174 Fed. 923, 928, 98 C. C. A. 535, and cases there cited. Nor does the evidence on the part of the government tend to show that the acts and declarations of Lawson were of such character and continued for such a length of time as to justify the inference that the defendant

knew and acquiesced therein. Sievert v. Furniture Co., 178 Ill. App. 574.

[4] In a criminal case, where no conspiracy has been proven, mere suspicion, even though that suspicion is based upon the association of the accused with the alleged agent, is not sufficient to establish the fact of agency. On the contrary, before the declarations of a third person are admitted in evidence against the defendant, there must be some definite and substantial evidence, either direct or circumstantial, tending to prove the authority of the agent.

It is unnecessary to consider the other assignments of error in detail. It is sufficient to say that no error intervened in the trial of this case to the prejudice of plaintiff in error, other than the admission of the testimony of the witness Earl Thomas as to the acts and declarations of Lawson, for which error the judgment in this case is reversed, and cause remanded for new trial in accordance with this opinion.