HARRIET A. FRANCISCO, APPELLANT, v. CHARLES A. SMITH, RESPONDENT.

*Covenant not to engage in a certain business — assignable on a transfer of the business — not necessarily abrogated by the temporary stoppage of the business.*

A covenant, by the vendor of a business, good will, property and lease, not to engage in the same business in the same village, valid as between the parties, is assignable in connection with a sale of the business and property by the covenantee, although it does not in form run to assigns.

One Francisco, on purchasing a business, good will, property and lease of Smith, received from the latter an agreement in writing not to engage in the same business in that town for five years. Thereafter Clark & Wood creditors of Francisco took possession of certain of the property in the store used in the business, under a chattel mortgage and bill of sale from Francisco, and remained in possession and kept the store closed for five days, pending the settlement of Francisco's debt, and then sold the business property that had come from Smith to Francisco's wife, who reopened the store and continued the business therein under an arrangement with her husband and practically for his benefit.

Thereafter Smith commenced to carry on the same kind of business, contrary to his covenant with Francisco, who, for a nominal consideration, executed and delivered to his wife an assignment of Smith's covenant, and of all interest in the business.

*Held,* that the five days' stoppage in the business did not, under the circumstances, abrogate Smith's covenant.

That the assignment by Francisco to his wife was, in substance, a transfer of the covenant in connection with a sale of the property and business, and that, therefore, Francisco's wife was entitled to maintain an action against Smith to restrain him from carrying on business in violation of his covenant.

APPEAL by the plaintiff, Harriet A. Francisco, from a judgment entered in the Herkimer county clerk's office on the 24th of February, 1892, upon a decision rendered at the Herkimer County Special Term, dismissing the complaint, with costs.

The action was brought to restrain the defendant from carrying on the business of a bakery and confectionery store at the village of Little Falls, in violation of an agreement made between him and Frank E. Francisco, the husband of plaintiff, on February 20, 1888. The complaint was dismissed upon the ground that the plaintiff was not in a position to enforce the agreement.

*M. G. Bronner* and *A. M. Mills,* for the appellant.

*John D. Beckwith,* for the respondent.

MERWIN, J.:

The plaintiff claims as assignee of her husband, and the main question upon this appeal is whether she is in a position to have the benefit of the covenant between the defendant and her husband. No question is made about the validity of the covenant as between the immediate parties. It is quite clear that it was assignable in connection with a sale of the property and business of the assignor (*Diamond Match Co.* v. *Roeber*, 106 N. Y., 487), although it did not, in form, run to the assigns of the covenantee. (See *Hedge, Elliott & Co.* v. *Lowe*, 47 Iowa, 137, *Pemberton* v. *Vaughan*, 59 E. C. L., 87.)

In order to determine whether the plaintiff has become the owner of the covenant in connection with a sale of the property and business, it will be necessary to refer to the facts, which are substantially undisputed.

On and prior to February 20, 1888, the defendant was carrying on a bakery and confectionery shop at Little Falls. At that date he made an agreement in writing with Frank E. Francisco, the husband of the plaintiff, by which, in consideration of the payment of $1,200, he sold to Francisco his bakery and shop, with the good will of the business, and certain property described in a bill of sale made that day, and assigned the lease of the store where he carried on the business. In this agreement there was the following provision: "Smith agrees and binds himself that he will not, for the period of five years from March 1, 1888, or during that time, engage or become interested in the business of carrying on a bakery or confectionery store, or in the business like the one hereby sold out, in the village of Little Falls, or in the immediate neighborhood." Possession was taken by Francisco, under the agreement, on March 1, 1888, and the consideration was paid, and thereupon he entered upon the business. This he carried on up to about the 10th of November, 1889, in the same way and manner, and at the same places that defendant had previously carried it on, and used therein substantially the same fixtures and appliances. In February, 1889, in order to secure Clark & Wood of Fort Plain for money borrowed and past indebtedness, he gave to them a chattel mortgage for about $1,300, on certain property connected with the business, and after the maturity of the mortgage, and on November 9, 1889, he gave them a bill of sale of

the property mentioned in the mortgage, and on stock and goods on hand, and property connected with the business. On the next day they, by virtue of the chattel mortgage and bill of sale, took possession of the property and store, closed the store and took part of the property to Fort Plain. They remained in possession, and kept the store closed until November 15, 1889, doing no business whatever. At that date the plaintiff, through her husband, as her agent, purchased of Clark & Wood all their interest in the chattel mortgage and the property covered by the bill of sale, and paid them in full for their claim against the husband, less certain portions of the property kept by Clark & Wood and applied upon the debt. None of the property so kept was part of the property purchased of defendant. Prior to this purchase by plaintiff, it was verbally agreed between plaintiff and her husband, that plaintiff would furnish the money and make the purchase, and that the husband should take charge thereof, and of her business connected therewith, and that the same should be carried on in plaintiff's name, and that the family, consisting of the husband, wife and child, should be supported out of the proceeds of the business, the husband being a practical baker and the plaintiff not. This arrangement was carried out. The plaintiff took immediate possession of the store and bakery, and the tools, fixtures and appliances therein contained, reopened the business, selling the same kind of goods, and to substantially the same customers as the husband had been previously doing, and the business was carried on down to the time of the commencement of this action, in the same way and in the same places and with the same tools and fixtures as previously by the husband and by the defendant, the husband all the time being the manager.

About December 15, 1890, the defendant commenced to carry on another bakery business contrary to the provisions of his agreement, and so continued to the commencement of this action on May 30, 1891. On December 18, 1890, Frank E. Francisco notified the defendant that he was violating his contract and required him to discontinue the business he had started upon. On the 25th of May, 1891, Frank E., for a nominal consideration, executed and delivered to plaintiff an assignment of the agreement with defendant and indorsed thereon as follows:

"For value received I hereby sell, assign, transfer and set over to Harriet A. Francisco all my right, title and interest in and to the within contract, and in and to the covenants therein contained, together with all claims and demands which I have against Charles A. Smith for any and all breaches thereof; also all my right, title and interest in and to the business and the good will thereof formerly owned and carried on by me which I have not previously sold, and of which you were not already the owner, and mentioned and referred to in the annexed instrument, together with all property and property rights therewith connected."

Upon the same day the plaintiff notified defendant of her ownership of the contract and the business and called on him to discontinue his business. The plaintiff's husband, as the court below finds, did not transfer or attempt to transfer to plaintiff the business which he was conducting and which he purchased of defendant, or the good will thereof, or the lease of his place of business, or the contract between himself and defendant, or any of the covenants therein until the assignment of May 25, 1891. It would also seem from the evidence that the tools and fixtures were not transferred until then.

The fact that the assignment to plaintiff May 25, 1891, was for only a nominal consideration, or was, in fact, without consideration, does not, in itself, aid the defendant. (*Sheridan* v. *Mayor*, 68 N. Y., 30.) It was valid as against the assignor. The material question is, whether the plaintiff became the owner of the covenant under such circumstances as will permit her to enforce it within the rule laid down in 106 New York, above referred to.

By reason of the transaction with Clark & Wood, and of the assignment from her husband, the plaintiff has become the entire owner of the property and business. She was not such without the assignment. The lease, the good will and the contract were not transferred to Clark & Wood, nor apparently the tools and fixtures. Under an express arrangement with the husband, and practically for his benefit, Clark & Wood were bought out. After five days' stoppage the same business was reopened and continued in the same place in the same manner, with the same fixtures, and supplying the same customers, and was, in reality, for the benefit of the same parties. The five days' stoppage of the business did not kill the five years' covenant. It was only temporary, pending the settlemen

of the husband's debt. The business was renewed in the name of the wife, with the assent of the husband, under his management and for his benefit. And when finally, in order to complete the title of the wife to the whole, the assignment to her was made by the husband of whatever interest he still held, including his contract with defendant, it was, in substance, a transfer of the contract in connection with a sale of the property and business of the assignor. We think it should have been so held by the trial court. If so, the plaintiff was in a position to maintain the action.

It follows that the judgment must be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed on the law and the facts and a new trial ordered, costs to abide the event.