[Crim. No. 66.     Second Appellate District.—November 20, 1907.]

THE PEOPLE, Respondent, v. IRVING LONG, Appellant.

CRIMINAL LAW—MOTION FOR A NEW TRIAL—CONFLICTING EVIDENCE.— A motion for a new trial in a criminal case must be made before judgment, and the court's attention must be called to it, and the court moved to grant it, and the decision of the court that no such motion was made before judgment, based upon conflicting evidence, is binding upon this court.

ID.—MOTION FOR NEW TRIAL NOT AMENDABLE.—A motion for a new trial cannot be amended after judgment, by attempting to add to what had been actually done before judgment.

ID.—BILL OF EXCEPTIONS—RULINGS UPON EVIDENCE—USE BEFORE APPEAL FROM JUDGMENT.—A bill of exceptions to rulings of the court as to evidence at the trial may be presented within ten days after entry of the judgment, and may be used upon appeal from the judgment.

ID.—EVIDENCE—RULES AS TO MOTIONS TO STRIKE OUT.—If the question upon its face calls for an incompetent answer, the opposite

party cannot take the chances of a favorable reply, and then move to strike it out, and if the question be not objected to, the right to have the answer stricken out is waived. But if the question is unobjectionable on its face, and the answer is incompetent or irrelevant, the answer may be stricken out without previous objection to the question.

ID.—OBJECTION TO ANSWER—HEARSAY.—Where, instead of moving to strike out an incompetent answer to a competent question, it was objected to as hearsay, and the offer of the district attorney to remove an objection that no foundation had been laid did not remove the objection of hearsay, the objection of the defendant should have been sustained independent of any motion to strike out the answer.

ID.—ROBBERY—ACCUSATION BY PROSECUTING WITNESS TO THIRD PERSON—PRESENCE AND DENIAL OF DEFENDANT—HEARSAY.—Where testimony was given that the prosecuting witness made accusation to the arresting officer concerning defendant in his presence that "this is the man that went through my pockets," to which defendant replied that he was "not the man that done it," "not the man that took money off of the prosecutor," there was no implied admission by the defendant; and the testimony as to the accusation made to the officer was inadmissible hearsay.

ID.—STATEMENT BY SUPPOSED CONSPIRATOR—CONSPIRACY NOT SHOWN.—The admission of a statement made by a supposed female conspirator with defendant was inadmissible, when no conspiracy between the defendant and the woman who made the statement, was proved. A conspiracy cannot be established by suspicion or by a mere association of the parties, without evidence of participation in the offense, and where the inadmissible statement cannot be declared without prejudice, the admission of it is ground for reversal.

APPEAL from a judgment of the Superior Court of Los Angeles County. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

F. H. Thompson, Clarence Meily, and Goldberg & Meily, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Appellant was informed against jointly with two other defendants upon a charge of robbery. He was given a separate trial and convicted, and on May 8, 1905, the day set for pronouncing judgment, placed on a conditional

probation for the term of two years. Imposition of sentence was suspended, as provided by subdivision 1 of section 1203 of the Penal Code, in accordance with the terms of the order admitting him to probation. On August 25, 1906, he was accused of violating his parole, brought before the court, and, after a hearing, adjudged to have violated the conditions of his probation and engaged in criminal practices, and his probation was thereupon revoked and terminated, and he was arraigned for sentence and judgment of imprisonment in the state prison pronounced. Notice of appeal from this judgment was given August 29, 1906.

On June 18, 1907, pursuant to notice, appellant moved the court for an order directing the clerk to indorse upon a written motion for a new trial presented a certificate of its filing on the eighth day of May, 1905, and to make appropriate entries upon the register of criminal actions and other records of said court showing that said motion for a new trial had been filed as of the date named. The motion was made upon the records in the case and affidavits filed. The district attorney filed counter-affidavits at the hearing of the motion, and on said eighteenth day of June, 1907, the motion was denied, and on June 24, 1907, defendant appealed from the order of the court denying his motion.

Two bills of exception appear in the record, as filed July 9, 1907, one relating to the ruling of the court upon the motion last mentioned and settled July 9, 1907, and the other embodying exceptions to the admission of evidence upon the trial of said cause, which bill is dated August 29, 1906.

Disposing first of the appeal from the ruling on appellant's motion, we find that the counter-affidavit of the deputy district attorney states that at the time the motion for a new trial is claimed to have been presented for filing, according to the affidavits of counsel for defendant, the attorney for defendant "did not present his motion for a new trial to the court and did not state the grounds of said motion or any of them." All he did was to state that he desired to present such a motion, but upon the court's stating that he intended to put the defendant on probation, no further action was taken by defendant or his counsel in this connection. This, then, became a question of fact as to which the evidence was conflicting, and the implied finding of the court, necessary to

sustain its ruling, that no motion for a new trial was made or tendered for filing, is binding upon this court.

If the showing made by appellant had not been contradicted and his motion granted, it would have availed him nothing. The application for a new trial must be made before judgment, and the order granting or denying the same must be immediately entered by the clerk in the minutes. (Pen. Code, sec. 1182.) While the motion may be filed and thus relieve the mover from stating his grounds at length and the filed paper referred to for the grounds of the motion in detail, the motion must nevertheless be made orally. The attention of the court must be called to it and the court moved to grant it. (*Williams* v. *Hawley,* 144 Cal. 100, [77 Pac. 762]; *Spencer* v. *Branham,* 109 Cal. 340, [41 Pac. 1095]; *People* v. *Ah Sam,* 41 Cal. 650.) To the extent that it attempted to add to what had been actually done, it would have been in the nature of an amendment of the motion for a new trial, and this was incompetent. (*People* v. *Wessel,* 98 Cal. 352, [33 Pac. 216].)

For the purpose of considering the assignments of error relating to the admission or rejection of testimony, it is of no practical consequence that a motion for a new trial was not made and ruled upon in this case. While exceptions to the granting or refusal of a motion for a new trial (secs. 1172, 1182) must be prepared and presented in a bill to the trial court within ten days after the ruling complained of is made (sec. 1174), exceptions to erroneous rulings of the court in admitting or rejecting testimony may also be embodied in a bill which may be presented within ten days after judgment. This bill of exceptions may be used upon an appeal from the judgment. (*People* v. *Craig,* 152 Cal. 42, [91 Pac. 997]; *People* v. *Walker,* 142 Cal. 92, [75 Pac. 658]; *Walker* v. *Superior Court,* 135 Cal. 372, [67 Pac. 336]; *People* v. *Keyser,* 53 Cal. 184.)

The attorney general objects to the consideration of the first error assigned, which relates to the admission of testimony, on the ground that the objection of defendant to the testimony came too late. He contends that the objection being to the answer, as distinguished from the question, should have been presented in form of a motion to strike out. The rules relied upon by the attorney general have often been declared by the courts, and are said to be so simple and well settled

that no difficulty should arise in their application and no departure from them should be tolerated. As declared by the authorities cited, they cover in substance the following: If a question indicates upon its face that the response to it will be inadmissible, a party cannot take the chance of a favorable reply and then, if the answer be unfavorable, object to the question or move to strike out the answer, if the latter be responsive. If the question calls for an incompetent answer, it must be objected to, or the right to have the answer stricken out is waived. But when the question is unobjectionable and the answer is incompetent or irrelevant, the answer may be stricken out without previous objection to the question. (*People* v. *Williams,* 127 Cal. 216, [59 Pac. 581] ; *People* v. *Lawrence,* 143 Cal. 155, [76 Pac. 893] ; *People* v. *Scalamiero,* 143 Cal. 346, [76 Pac. 1098] ; *Johnston* v. *Beadle* (Cal. App.), 91 Pac. 1012; *People* v. *Smith,* 151 Cal. 619, [91 Pac. 513].)

The objection here under consideration was not to the question, and the question did not indicate on its face that the response to it would be inadmissible. It was not unseasonable because by its very terms it was addressed to a statement contained in the answer. Instead of being made in the form of a motion to strike out, it was in the form of an objection to the answer. On the direct examination of the complaining witness he was asked: "Q. Now there in the presence of Long, this defendant here, and in hearing of Long, did you say anything to Tyler?" (Tyler was the arresting officer.) "A. The only thing I said to Tyler was, 'That is the man that went through my pockets,' pointing to Long." To this appellant objected: "Object to that as being hearsay, no sufficient foundation laid for the statement; has not been shown this defendant was within hearing of that statement." The district attorney thereupon stated: "We are going to show that he replied to it." The objection was overruled and an exception preserved. The witness then continued: "When I said, 'That is the man that went through my pockets,' in the presence of Long, he said, No, he was not the man that done it. He said he was not the man that took the money off of me."

Thus we see it was the statement in the answer which was objected to upon the ground that the proper foundation had not been laid for its introduction. Before the ruling was

made by the court the district attorney suggested to the court the foundation which he expected to lay to make the statement competent, and thereupon the objection of defendant was overruled, and the witness testified to the reply upon which the district attorney relied as establishing a foundation for the introduction of the statement which he, in effect, admitted to be improper testimony without it.

Whether we consider the objection and ruling as made after the statement of the district attorney or after the witness had testified, the evidence was hearsay and inadmissible. While the rule in this state compels a defendant to deny an accusation or have his silence construed as an admission of its truth, even where he is in the custody of the arresting officers (*People* v. *Dole,* 122 Cal. 490, [68 Am. St. Rep. 50, 55 Pac. 581]), if he does so deny it, either in whole or in part, the accusation or statement is an admission, and evidence, only to the extent that it is admitted to be correct by the defendant. In other words, it is the admission and not the accusation which is evidence. (*People* v. *Ah Yute,* 54 Cal. 91; *People* v. *Estrado,* 49 Cal. 171.) The rule is clearly illustrated in the companion cases of *People* v. *Amaya,* 134 Cal. 536, [66 Pac. 794], and *People* v. *Teshara,* 134 Cal. 544, [66 Pac. 798].

The objection to the admission of this line of evidence was seasonable, and should have been sustained upon the district attorney's offer, since this did not include a ''reply'' which would render the accusation admissible. This objection should have been followed, however, by a motion on defendant's part to strike out the accusation, as that was the prejudicial testimony which was improperly admitted. The objection was addressed to a line of incompetent evidence being introduced by the district attorney upon an improper theory and its incompetency was pointed out by the objection of defendant. Both the court and the district attorney considered this objection on its merits, and it should have been sustained, independent of any motion to strike out. To refuse to consider it now as unseasonable because of its form would be to approve of the setting of a trap for the unwary attorney, a practice which would be scarcely less reprehensible than the practice of this kind toward the trial court, which appellate courts are sometimes called upon to rebuke. There was no element of surprise upon the part

of the court involved, and the defendant is entitled to the benefit of his exception preserved to the ruling of the court: (*Blum* v. *Manhattan Ry. Co.*, 22 N. Y. Supp. 722, 1 Misc. Rep. 119; *Sneed* v. *Marysville Gas Co.*, 149 Cal. 709, [87 Pac. 376].)   Without the motion to strike out the accusation he would have obtained little benefit from a ruling in his favor, and so considered we would not regard this error alone sufficient to justify a reversal of the judgment.

The evidence of the officer Tyler in relation to this matter is substantially the same as that of Friary. The testimony of this witness is in a narrative form, and when the matter mentioned was reached, defendant's attorney interjected—"object to that as being incompetent and irrelevant." No ruling of the court upon this objection appears in the record. This is a repetition of the objection of defendant to the same improper line of testimony, made in the same irregular way, without even being given a consideration by the trial court. Under such conditions, we are. called upon to say that this testimony so "admitted without objection" cures any error complained of in the ruling admitting the testimony of the witness Friary. We cannot agree with this contention. The grounds of the objection, stated in connection with the same matter· in the testimony of Friary, should have been considered when the same testimony was sought to be introduced through another witness, the attention of the court being called to the whole line of evidence as incompetent.

The admission of the statement made by the Boland woman to the witness Fletcher was error. There was no evidence of any conspiracy between defendant and the woman. Conspiracies cannot be established by suspicions. There must be some evidence. Mere association does not make a conspiracy. There must be evidence of some participation or interest in the commission of the offense. Neither was her statement a part of the *res gestae*. She had come across the street from where the trouble was going on between defendant and the complaining witness, and in response to a question from a stranger as to "what was the matter over there," replied that she guessed "a friend of hers was scaring somebody over there." This was pure hearsay. It is difficult to see how it could have been given much weight by the jury, but when it is treated as the admission of an associate in the commission of the offense, the theory upon which it was ad-

mitted as expressed in the ruling of the court, we are not prepared to say it was not prejudicial.

Judgment reversed and cause remanded for new trial.

Allen, P. J., and Shaw, J., concurred.