[Crim. No. 367.   Second Appellate District.—January 29, 1915.]

## THE PEOPLE, Respondent, v. HERBERT DYER, Appellant.

CRIMINAL LAW—RAPE—MOTION TO DISMISS INFORMATION—FAILURE TO BRING ACTION TO TRIAL WITHIN SIXTY DAYS—CONTINUANCE AT DEFENDANT'S REQUEST—WAIVER.—In this prosecution for rape a motion to dismiss the information upon the ground that the defendant had not been brought to trial within sixty days after his first trial, which had resulted in a disagreement of the jury, was properly denied, where the court offered to re-set the second trial within sixty days after the first trial, but defendant's counsel, not being satisfied with the date suggested, asked that it be fixed for some other date because he would be engaged in the trial of another action at that time, and the court fixed a date beyond the sixty day period which was the first date upon which defendant's counsel would be disengaged and could proceed.

ID.—WITNESSES—COMPETENCY OF DEFENDANT AS A WITNESS—WHEN REFUSAL OF INSTRUCTION PROPER.—In such a case there was no error in refusing to instruct the jury at defendant's request, that it was legitimate and proper for a defendant to be sworn as a witness and that he was a competent witness in his own behalf, where the defendant did testify, and the court, without singling out the defendant for special comment, gave a general instruction to the jury furnishing to it the law for its guidance in determining the effect to be given the testimony of witnesses.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial. Benjamin F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

Weisel & Dutton, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of rape. There was a judgment of imprisonment and an order denying a motion for a new trial. The appeal is taken from the judgment and from the order.

But two principal propositions are presented for consideration in determining the merits of the appeal. It is first contended that the court erred in denying defendant's motion to dismiss the information and discharge the defendant from custody because he had not been brought to trial within sixty days after the date of a mistrial which had theretofore occurred. The point is urged in reliance upon section 1382 of the Penal Code. The facts were that on the twentieth day of May, after considering the evidence introduced at the trial of defendant, the jury disagreed and the case was then reset for second trial for the thirtieth day of June, 1914. On the latter date the district attorney moved for a continuance of the trial to another date on the ground of the absence of material witnesses. The case was finally reset for the twentieth day of July, which counsel contends was in violation of the right of defendant to be tried within sixty days after the filing of the information, or after a trial and disagreement of a jury has been had. All of the force which might attend upon this contention is taken away when the facts shown by the record touching the matter of the continuance of the trial are taken into view. The fact was that the judge offered to set the case for the sixteenth day of July, which would have been clearly within sixty days after the first trial, but appellant's counsel were not satisfied with that date and asked that some other date be fixed because they would be engaged in the trial of another case at that time. So by reason of the objection of appellant's counsel, the court was compelled to fix a later day

and the twentieth day of July appeared to be the earliest upon which appellant's counsel would be disengaged and could proceed. It therefore appears that the postponing of the trial beyond the sixteenth day of July was caused wholly by appellant's counsel, in which case no claim of prejudice could be predicated thereon.

It is urged that the trial judge committed prejudicial error in refusing to instruct the jury that it was legitimate and proper for a defendant to be sworn as a witness and that he was a competent witness in his own behalf. The defendant did testify and the court, without singling out the defendant for special comment, gave a general instruction to the jury furnishing to it the law for its guidance in determining the effect to be given to the testimony of witnesses. This instruction was very full to that point. The California decisions referred to by counsel as sustaining his contention for error were cases where the defendant had complained because he was singled out and note taken by the instructions of the fact that as a defendant he was an interested party. The claim of error in those cases was that the special comment, such as the offered instruction here fairly embraced, should not be given to the jury. Counsel are here taking the opposite of this proposition. In view of the fact that the court instructed very fully as to how the credibility of witnesses might be measured and determined (and this statement embraced all of the witnesses, including the defendant) it is difficult to perceive how prejudice could have arisen because of the failure to give the specified instruction offered by the defendant. The jury had the witnesses before it, heard all of the testimony, and from a survey of the complete record no error can be discerned which may be said to have worked a miscarriage of justice.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.