[Crim. No. 1724. Second Appellate District, Division Two.—November 1, 1928.]

In the Matter of the Application of DIANA BATHURST for a Writ of Habeas Corpus.

Benjamin Elconin for Petitioner.

E. J. Lickley, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputy City Prosecutors, for Respondent.

THOMPSON (IRA F.), J.—This is an application of Benjamin Elconin on behalf of Diana Bathurst for the writ of *habeas corpus*. From the petition, the return thereto, and the findings of this court upon evidence taken, we may state the following situation: Diana Bathurst was tried upon a charge of petty theft before the municipal court of Los Angeles on July 9, 1928, and there found guilty. The trial court on July 11th sentenced the defendant to 180 days in the city jail, suspending the sentence as to 150 days thereof. The petitioner contends that he presented a motion for a new trial prior to pronouncement of sentence, but from the evidence adduced we have found that the motion for a new trial was not presented until after judgment. Some time subsequent to the pronouncement of sentence and in the afternoon of the same day counsel served upon the city prosecutor a written motion for a new trial, which bears no filing mark, and which appears to have been called to the attention of the court on July 13, 1928, at which date it was set for hearing for July 16, 1928. After argument of the motion it was granted and the cause was transferred to another division of the court for retrial. When the cause was called for trial on August 15, 1928, the trial judge set aside the order granting the motion for a new trial on the ground that the motion had not been made until after judgment was pronounced and entered, and ordered the defendant committed. This outlines the facts except that on July 11th, when the defendant was sentenced, her counsel gave oral notice of appeal, bond for the release of defendant pending the appeal was fixed by the court and furnished in. the sum of $1,000.

No other steps were taken with respect to the appeal. It is conceded by counsel under the authority of *Lillywhite* v. *Superior Court*, 80 Cal. App. 533 [251 Pac. 945], that the oral notice of appeal was sufficient and therefore we can pass directly to the main question.

The petitioner asserts that the municipal court lost all jurisdiction over the proceeding when the notice of appeal was given, while the respondent points to section 1468 of the Penal Code and argues that, by reason of the failure of petitioner to comply with the provisions thereof the appeal was never perfected. Section 1468 of the Penal Code reads as follows:

"The appeal to the superior court from a judgment of a municipal court, or from the judgment of a justice's or police court, shall be heard upon a statement of the case settled by the judge of the municipal court or by the justice or police judge. The statement must contain the grounds upon which the party intends to rely upon the appeal, and so much of the evidence as may be necessary to explain the grounds. The statement must be prepared by the appellant and filed with the court, and a copy served upon the opposite party, within five days after the filing of the notice of appeal. The respondent may, within five days after the service of the copy and the filing of the proposed statement, file amendments thereto, a copy of which must be served upon the appellant. Within five days from the time of the filing and serving of the amendments or if no amendments be filed then within ten days from the time of the filing of the statement, as herein provided, the court must settle the same, and if in the opinion of the court the statement is incorrect or insufficient he shall correct it. If no statement is filed and served as herein provided, the appeal is ineffectual for any purpose, and shall be deemed dismissed, and the judgment or order appealed from shall be enforced as if no appeal had been taken."

Since the amendment of the section to read as quoted above in 1925, it has been analyzed at length and declared to provide for "the equivalent of a bill of exceptions, with the difference, at least, that the statement must contain 'the grounds upon which the party [appealing] intends to rely upon the appeal' " (*Garrett* v. *Superior Court,*

79 Cal. App. 273 [249 Pac. 871]). The Garrett case is also authority for the statement that section 1246 of the Penal Code (in effect at the time of this appeal) is applicable to appeals from the municipal court to the superior court and that by reason of its terms it is the duty of the clerk of the municipal court to furnish the superior court with the "papers which are the equivalent of the 'judgment roll alone.'"

We also direct attention to the opening words of the section as follows: "The appeal to the superior court . . . , shall be heard upon a statement of the case," etc. We have had occasion heretofore to note a distinction between a method devised for the taking of an appeal and the manner provided for preparing the record upon which the appeal is to be heard. Not only is mention made of the fact that section 1246 of the Penal Code is ineffective until after the appeal is taken, in the Garrett case, but also in passing upon a motion to dismiss an appeal to this court in *People* v. *McClellan,* 88 Cal. App. 415 [263 Pac. 841], we held that section 1247 of the Penal Code requiring the appellant to "present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which" he relies, relates to the time and manner of making up the record and not to the taking of the appeal. It is to be noted that the concluding sentence of the first part of this section is substantially the same as those of the section under consideration. It reads: "If such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the judgment or order may be enforced as if no appeal had been taken." As a matter of pure logic it must follow that if the appeal is taken, jurisdiction over the cause is vested in the appellate tribunal. As a matter of sound procedure, it would seem that the appellate tribunal is the only forum in which to determine the appeal to be ineffective. To say that the trial court should have the right to determine whether an appeal from its judgment were effectual would certainly lead to a strange inconsistency and be entirely at variance with a just conception of the right of appeal. In line with this reasoning we find a statement in *Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342–346 [139 Pac. 805], as follows: "The appeal was,

of course, in this court from the moment it was perfected, *although the record on appeal* was not filed herein until later. The place then to assail the purported appeal as being ineffectual for any purpose by reason of want of authority of the attorney to take an appeal on behalf of Mrs. Black was this court, and as long as no attack was made here on the same, by motion to dismiss or otherwise, the lower court had no right to regard it otherwise than as a valid appeal, duly authorized by the purported appellant." (Italics ours.) We also find the same principle announced in the case of *In re Howell,* 29 Cal. App. 668 [157 Pac. 553], wherein the court was considering the effect of an appeal prior to the amendment of section 1468. It is there said: "The filing of the notice of appeal and furnishing the required bail in an amount as fixed by the Justice have the effect of ousting the jurisdiction of the Justice's Court to act further, and removed the cause to the Superior Court. This, notwithstanding that it might follow that the appeal should be dismissed for lack of a sufficient record upon which to present any available question. Upon this application, however, that question is of no materiality. If the defendant's case was by the appeal transferred to the Superior Court, the Justice of the Peace could not lawfully issue a jail commitment until some order had been made by the Superior Court disposing of the appeal." The rule is also consonant with the declaration that "the perfection of an appeal divests the Superior Court of jurisdiction as to all matters embraced in the judgment or order appealed from" (*Eisenburg* v. *Superior Court,* 193 Cal. 575 [226 Pac. 617]). We have not overlooked the force of the language of the section that for failure to file the statement the appeal shall "be deemed dismissed," but in view of the fact that it would have been just as easy for the legislature to have provided that the giving of the statement should have been one of the steps in taking the appeal as one of the steps in perfecting the record, we can but conclude that the language used was employed for the purpose of indicating that it should be mandatory upon the appellate tribunal to dismiss the appeal in the event the record was not prepared and perfected, in accordance with the provisions of the section. It has been held many times that substantially the same

language found in section 1247 of the Penal Code was mandatory and the appellate tribunal was required to dismiss the appeal for failure to present the statement of the grounds of appeal. Reference may be had to *People* v. *McClellan, supra,* for a partial list of these authorities.

It must be obvious from the observations so far made that an appeal once perfected is pending in the appellate tribunal until dismissed by that court. The defendant in the action in the municipal court having given bond to stay the execution of the judgment pending the appeal is therefore entitled to her liberty until some further step is taken.

This would dispose of the present proceeding were it not for the fact that counsel do not agree upon the effect of the order granting the motion for a new trial, which motion, as we have noted, was not filed until after judgment was pronounced; and inasmuch as that question will probably be argued in subsequent steps to be taken, we ought to announce our opinion thereon. Section 1450 of the Penal Code provides that the defendant may move for a new trial "at any time before judgment." This language is plain and unambiguous. It would seem obvious that once the court has pronounced judgment the time has gone within which the motion may be presented and as completely so as though a motion had been made and denied. It was held in *People* v. *Walker,* 142 Cal. 90 [75 Pac. 658], where a motion was made before judgment and denied and thereafter a second motion was made that the trial court was right in refusing to entertain the second motion because "the right to move for a new trial had . . . been exercised and exhausted." There was some question concerning when the motion for a new trial was presented in the case of *People* v. *Long,* 7 Cal. App. 27 [93 Pac. 387], whether before probation was granted or after probation was revoked and judgment of imprisonment pronounced and the court said: "If the showing made by appellant had not been contradicted and his motion granted, it would have availed him nothing. The application for a new trial must be made before judgment, and the order granting or denying the same must be immediately entered by the clerk in the minutes." This quoted language is used by the court with respect to section 1182

of the Penal Code which for our present purposes is the same as section 1450. We have no doubt that the trial court had no authority to grant the motion for the new trial by reason of the fact that it came too late, and that irrespective of the fact that an appeal had been taken from the judgment prior to the presentation of the motion.

Diana Bathurst is ordered discharged from custody.

Works, P. J., and Craig, J., concurred.