[Crim. No. 1770.  Second Appellate District, Division Two.—April 26, 1929.]

In the Matter of the Application of DIANA BATHURST for Writ of Habeas Corpus.

Benjamin Elconin and George D. Higgins for Petitioner.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputy City Prosecutors, for Respondent.

CRAIG, J.—The petitioner was charged in the municipal court of the city of Los Angeles with petty theft, was tried by the court without a jury, and convicted. Oral notice of appeal to the superior court was given in open court, and a motion for new trial was interposed after sentence was pronounced and said notice had been given. The motion for new trial was granted, and thereafter on the date set for retrial of the cause in the municipal court, the order granting a new trial was set aside upon motion of the city prosecutor, upon the ground that it had been granted after sentence was pronounced, and a commitment issued. A writ of *habeas corpus* on behalf of the petitioner was prayed for in this court, and it then appearing that the motion for new

trial had been filed and granted subsequently to the oral notice of appeal, and that said appeal had been perfected, though no statement was filed in the superior court, the writ was granted and the petitioner discharged from custody. (94 Cal. App. 641 [271 Pac. 781].) We there said: "It must be obvious from the observations so far made that an appeal once perfected is pending in the appellate tribunal until dismissed by that court. The defendant in the action in the municipal court having given bond to stay execution of the judgment pending the appeal is therefore entitled to her liberty until some further step is taken."

The city prosecutor thereupon moved the court last mentioned to dismiss the appeal upon the ground that it had not been brought to a hearing within the time prescribed by section 1468a of the Penal Code as added by Stats. 1925, page 951. This motion was opposed by petitioner upon the grounds that a new trial having been granted in the municipal court, it was impossible to have prepared a statement upon appeal within fifteen days; that believing the order granting a new trial valid, she relied thereon and prepared for trial, and strenuously endeavored to prosecute her defense of the same to judgment on the day set therefor. The appeal was dismissed upon the ground stated.

Petitioner contended upon the hearing of said motion, and here insists, that the provisions of sections 1466 and 1468 of the Penal Code are merely directory; that the original trial court having determined after careful consideration that she was entitled to a new trial, and having granted the same, she should not be penalized for the error of the court in so making an order as to prevent her from pursuing her right of appeal. It is also argued that even though the order granting a new trial was late, it was voidable upon appeal by the people, but not void, and that no appeal having been taken therefrom, it was in force and effect until held otherwise by a court having jurisdiction of the question as to its validity.

The sections of the Penal Code principally relied upon provide that either party may appeal from the municipal court to the superior court in like cases and for like causes as appeals may be taken to the supreme or to a district court of appeal; that the appellant must prepare and file with the court within five days after notice of appeal a statement

of grounds of appeal and so much of the evidence as may be necessary to explain them; the respondent may file proposed amendments within five days thereafter, and such statement must then be settled by the court within ten days from the filing of the proposed statement. "If no statement is filed and served as herein provided, the appeal is ineffectual for any purpose, and shall be deemed dismissed, and the judgment or order appealed from shall be enforced as if no appeal had been taken." Unless good cause to the contrary appears, the appeal must be brought to a hearing within sixty days after it is perfected, or as soon thereafter as the business of the court will permit, and upon a failure in this respect the court shall, upon motion, dismiss the appeal. (Pen. Code, secs. 1466, 1468, as amended, and section 1468a, as added by Stats. 1925, pp. 950, 951.) Regardless of the unfortunate dilemma produced by various steps initiated but left unfinished in the case, the petitioner must be presumed to have known the law, and the courts are not excepted from the rule. Not alone was the motion for a new trial filed after judgment, but after notice of appeal had deprived the municipal court of jurisdiction. ■ The defendant in a criminal case may make a motion for a new trial or in arrest of judgment, at any time before judgment is pronounced. (Pen. Code, sec. 1450; *In re Bathurst*, 94 Cal. App. 641 [271 Pac. 791].) It will avail him nothing to make such a motion after judgment. (*People* v. *Long*, 7 Cal. App. 27 [93 Pac. 387].)

■ We cannot agree with petitioner's contention that pending the existence of the order for a new trial she was precluded from filing a statement upon appeal in the superior court within five days after having given notice of appeal. Petitioner indicates that the motion for dismissal of appeal, and the granting thereof, were founded solely upon the ground that it had not been brought on for hearing within sixty days. Had either party at any time insisted upon such hearing, there was no record before the superior court from which it might ascertain the grounds of appeal or the evidence upon which the appellant intended to rely as tending to support them. It does not appear that any statement had been prepared, served, settled, or filed on December 14, 1928, when the motion to dismiss was made, or five months after judgment was pronounced, and three months

from the date when a hearing in the regular course should have been available. In that event the appeal must be dismissed. (Pen. Code, sec. 1468a.) This section insures a defendant the right to demand a hearing within the time prescribed, or to discharge, but its salutary application is predicated upon compliance by the defendant with other indispensable requirements of the same code. ■ We are not in accord with the petitioner's theory that because the municipal court favorably ruled upon her application for a new trial it constituted such error as to inure to her benefit after she chose to rely upon illegal proceedings and sleep on her rights. There remained no alternative for the superior court but to dismiss the appeal, and there being nothing then before the court, the judgment became final. (Code Civ. Proc., sec. 955; *Stowe* v. *Superior Court,* 72 Cal. App. 174 [236 Pac. 985].)

■ Finally, it is argued that in order to subserve the ends of justice, the writ should be granted under the provisions of section $4\frac{1}{2}$, article VI, of the constitution. The petitioner having led the court into making an illegal order granting a new trial, her position is not wholly unlike that of one who attempts to complain of a failure to bring his case to trial within sixty days after a mistrial, when he caused the delay by requesting and obtaining a continuance. (*People* v. *Dyer,* 26 Cal. App. 429 [147 Pac. 217].) The cited provision of the constitution permits a modification or setting aside of a judgment by reversal upon appeal, but we are referred to no authority, and are aware of none, authorizing its application in *habeas corpus* proceedings. ■ The function of that writ is to determine the legality of detention solely by inquiry into the question of jurisdiction of the lower tribunal, and the validity of the process by which the petitioner is held. (*In re Leonardino,* 9 Cal. App. 690 [100 Pac. 708].) The return to the petition herein recites that petitioner is held by virtue of a certain commitment of the municipal court, a copy of which is attached thereto, and it does not appear upon its face to be defective.

The writ is discharged and the petitioner remanded.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 11, 1929, and petitioner's application to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1929.