[L. A. No. 11685. In Bank.—November 22, 1929.]

HELEN HANSEN, Petitioner, v. MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

John A. Jorgenson for Petitioner.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputy City Prosecutors, for Respondents.

LANGDON, J.—This matter comes to us upon a petition for a writ of mandate directed to the Judge and Clerk of the Municipal Court of Los Angeles, to compel certification of statement upon appeal.

Petitioner was charged with vagrancy and convicted in said Municipal Court and sentenced to serve ninety days in the county jail on May 23, 1929. On the same day motion for new trial was made and denied and oral notice of appeal was given. Thereafter a substitution of attorneys occurred and on June 7, 1929, petitioner filed written notice of appeal. On June 12, 1929, a written statement of grounds of appeal was served and filed. The court refused to certify said statement upon appeal upon the ground that it was filed too late; since the oral notice of appeal was given on May 23, 1929, it was held that the time for serving and filing said statement expired on May 28, 1929.

Petitioner seeks the writ of mandate upon the ground that the oral notice of appeal was ineffectual; that sections 1467 and 1468 of the Penal Code, have repealed section 1239 of the Penal Code, with reference to the procedure upon appeal. Although conceding that the argument is concluded against her upon this point, by the case of *Lillywhite* v. *Superior Court*, 80 Cal. App. 533 [251 Pac. 945], petitioner asks us to overrule that case.

We are satisfied with the reasoning and the rule announced in the case cited. However, that case is not conclusive of the rights of petitioner herein. While it has been held that an oral appeal is permissible under the provisions of section 1239 of the Penal Code, and that that method of appeal is coexistent with the written appeal to be filed within fifteen days after entry of judgment, no case has been called to our attention which holds that, having given oral notice of appeal, one is precluded from later and within time filing a written notice of appeal and perfecting it in accordance with the statute. That is precisely what was done in this case: After the oral notice of appeal a written notice was filed in due time and the statement of grounds of appeal was filed within five days thereafter. The trial court should examine and settle the statement upon appeal therefore.

The writ should be granted as prayed and it is so ordered.

Richards, J., Seawell, J., Shenk, J., Waste, C. J., Preston, J., and Curtis J., concurred.

Rehearing denied.

Preston, J., dissented.