[L. A. No. 11849.  In Bank.—February 21, 1930.]

HARRY KEATON et al., Petitioners, v. MUNICIPAL COURT OF THE CITY OF LOS ANGELES, etc., et al., Respondents.

Max Lewis for Petitioners.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputies City Prosecutor, for Respondents.

CURTIS, J.—Petition for writ of mandate directed to the respondent court and to the Honorable Caryl M. Sheldon, the judge of said court, commanding said court to settle and allow a proposed statement on appeal filed by petitioners in said court.

Petitioners were on the twenty-second day of March, 1929, convicted in the Municipal Court of the City of Los Angeles of the crime of petty theft. On the same day they each gave oral notice of appeal from the judgment of conviction entered against them on said twenty-second day of March, 1929. The petitioner Love, on March 30, 1929, and the petitioner Keaton, on the first day of April, 1929, filed written notice of appeal from said judgment, and on April 3, 1929, petitioners served and filed in said court their proposed statement on appeal from said judgments. Demand has been made upon the respondent court to settle said statement, but respondent has refused to settle said statement or to take any action thereon.

The ground upon which the respondent court bases its refusal to settle said statement is that while said statement was filed within five days after the giving of petitioners' written notices of appeal, it was not served or filed within five days after the giving of their oral notice of appeal. This same point was raised and decided adversely to respondent's contention by this court in the recent case of *Hansen* v. *Municipal Court*, 208 Cal. 506 [282 Pac. 384]. Respondent contends that the Hansen case was erroneously decided and in support of its contention cites the following decisions of this court: *Hill* v. *Finnigan*, 54 Cal. 311; *Brown* v. *Plummer*, 70 Cal. 337 [11 Pac. 631]; *Tompkins* v. *Montgomery*, 116 Cal. 120 [47 Pac. 1006]; *People* v. *Bank of San Luis Obispo*, 152 Cal. 261 [92 Pac. 481].

These cases undoubtedly hold, as contended by respondent, that there cannot be two appeals from the same judgment and that where the appellant has perfected a valid appeal from a judgment such appeal vests the appellate court with jurisdiction of the case, and that any proceedings thereafter taken by appellant to take a separate or second appeal from said judgment are ineffectual for any purpose. These authorities, in our opinion, contain correct statements of the law upon the right of a party to take two separate appeals from a judgment against him. We think, however, that they are not applicable to the facts in the present action.

While the petitioners gave oral notice of appeal they did not serve or file any statement on appeal within five days after giving said notice of appeal as provided by sec-

tion 1468 of the Penal Code. This section prescribes the procedure to be taken in the preparation, service and filing of statements on appeal from judgments rendered in Municipal and Justices' Courts in criminal matters, and expressly provides that "If no statement is filed and served as herein provided (that is, within five days after giving notice of appeal), the appeal is ineffectual for any purpose, and shall be deemed dismissed, and the judgment and order appealed from shall be enforced as if no appeal had been taken." By this provision of the statute, the legislature has made the serving and filing of the statement on appeal an essential and necessary step to be complied with in perfecting an appeal from a judgment of the Municipal Court. Unless the statement on appeal is served and filed within the five-day period "the appeal is ineffectual for any purpose."

█ The oral notice of appeal, given by the petitioners, as it was not followed by the serving and filing of a statement on appeal within five days, cannot be regarded as a valid appeal from the judgment so as to defeat the right of petitioners given by said section of the code to appeal by filing written notice of appeal within fifteen days after judgment. The appeal taken by means of the written notice of appeal under these circumstances is not a second appeal from said judgment for the reason that the appeal under the oral notice of appeal was never perfected. This question was decided in the case of *Bornheimer* v. *Baldwin*, 42 Cal. 27. There it was decided that where an appeal from an order denying a new trial was not perfected and, afterward, but within sixty days from the order, a second appeal was taken and perfected, the failure to perfect the first did not defeat the second appeal.

It is contended by respondent that these views are in conflict with those expressed in the cases of *In re Bathurst*, 94 Cal. App. 641 [271 Pac. 781], and *In re Bathurst*, 98 Cal. App. 552 [277 Pac. 201]. In the first of these cases it was held that oral notice of appeal from a judgment of the Municipal Court vests the appellate court with jurisdiction over the appeal, notwithstanding the appellant's failure to serve and file a statement on appeal within five days, and that said appeal stays all proceedings in the lower court until the same is dismissed by the appellate court. We think this ruling directly contrary to the express directions

of section 1468 of the Penal Code, providing that, "If no statement is filed and served as herein provided, the appeal is ineffectual for any purpose, and shall be deemed dismissed, and the judgment or order appealed from shall be enforced as if no appeal had been taken."

The plain and unequivocal meaning of this language is that the failure to file the statement on appeal within the five-day period renders the notice of appeal of no effect and the judgment appealed from may be enforced as if no attempt had been made to perfect an appeal therefrom. It would be unnecessary to make a motion to dismiss the appeal in either the trial or appellate court for the reason that no appeal had been perfected and whatever proceedings in the shape of an appeal had been taken were "deemed dismissed." *In re Bathurst*, 94 Cal. App. 641 [271 Pac. 781], was never before us on petition for transfer and we have, therefore, not heretofore directly or indirectly approved the same. A petition for transfer to this court in *In re Bathurst*, 98 Cal. App. 552 [277 Pac. 201], was denied. There was nothing decided in the latter case contrary to the views expressed herein.

In our opinion a peremptory writ of mandate should issue as prayed for, and it is so ordered.

Langdon, J., Richards, J., Shenk, J., Seawell, J., and Preston, J., concurred.