McLUCAS, P. J.
Defendant was convicted on nine counts of petty theft and filed a motion for a new trial and a motion in arrest of judgment. The motion for a new trial was denied as to eight counts, and as to one count the verdict of the jury was set aside and the count dismissed. The motion in arrest of judgment was denied and the defendant sentenced on eight counts, the sentences to run concurrently. Defendant appeals from the judgment and from the order denying motion for a new trial and from the order denying the motion in arrest of judgment.
An appeal will not lie from an order denying a motion in arrest of judgment. (Code Civ. Proc., secs. 1237, 1466; People v. Bray, 42 Cal. App. 465 [183 Pac. 712]; People v. Yates, 114 Cal. App. (Supp.) 782 [298 Pac. 961].)
The judgment and the order on motion for a new trial were made on December 29, 1930, and defendant gave oral notice of appeal on the same day. That appeal was not perfected by filing a statement on appeal within five days after the oral notice of appeal and that appeal was ineffectual for any purpose. (Sec. 1468, Pen. Code.) But defendant still had the right to file a written notice of appeal from the judgment within fifteen days after the judgment was rendered or from an order within ten days, after the order was made from which the appeal was taken. (Pen. Code, sec. 1467; Hansen v. Municipal Court, etc., 208 Cal. *774 506 [282 Pac. 384]; Keaton v. Municipal Court, 209 Cal. 52 [285 Pac. 96].) More than ten days having elapsed after the order on motion for a new trial was made before the written notice of appeal was filed, the appeal from that order was taken too late. However, the proceedings on 'motion for a new trial and in arrest of judgment are set forth in the statement on appeal. The rulings of the court thereon are assigned as grounds of appeal. These rulings may be reviewed on appeal from the judgment. Section 1469 of the Penal Code states: “Upon an appeal the superior court may review all matters set forth in the statement and affecting the judgment appealed from, and may sgt aside, or confirm, or modify any or all of the proceedings subsequent to and attendant upon such judgment, and may, if necessary or proper, order a new trial.”
An order denying a motion in arrest of judgment is always reviewable on an appeal from the judgment itself. (People v. Rogers, 163 Cal. 476 [126 Pac. 143]; People v. Pettinger, 94 Cal. App. 297 [271 Pac. 132].) We find no error in the rulings of the trial court on the motion for a new trial and on the motion in arrest of judgment.
The defendant was first tried on a complaint containing nine counts. He was acquitted as to counts 3, 4 and 8, but the jury disagreed as to the remaining counts. Thereafter this complaint was dismissed over defendant’s objection, for the purpose of filing an amended complaint, and an amended complaint was filed containing eleven counts, eight of them alleging offenses not covered in the original complaint. Counts 6 and 7 of the amended complaint covered the offenses set up in counts 6 and 7, respectively, in the original complaint, and count 5 of the amended complaint is the same as either count 4 or count 5 of the original complaint, the two counts last mentioned being in identical language. The defendant was arraigned and entered a plea of not guilty to each count. The defendant moved the court “to strike from said amended complaint and dismiss counts 1 and 2 therein contained, upon the grounds that neither of the same were amended {sic) in or constituted any part of the original complaint in said action or constituted any amendment thereto, but set forth and charged entirely new and other charges against said *775 defendant and that said counts and each of them and the said charges therein contained were barred by the provisions of sections 801 and 1426a of the Penal Code; and further moved said court to strike from said amended complaint and dismiss counts 3, 4, 8, 9, 10 and 11 therein contained, for the reason that none of said counts or matters, things or charges therein contained constituted or were any amendment of any other of the counts, matters, things or charges contained or set forth in said original complaint, but that each of them set forth and were entirely new and additional matters, things and charges against said defendant; and further moved the court to strike and dismiss the whole of said amended complaint and each and every count and charge against said defendant therein contained, upon the ground and for the reason that no authority in law existed for the filing of any such amended complaint”. The motions to strike were denied and appellant assigns the ruling of the court as error, relying upon the contention that there is no provision in the Penal Code for amendment of a complaint filed in the municipal court. No motion was directed at counts 5 and 6 except the general one to the whole amended complaint. Counts 1, 2 and 7 of the amended complaint are eliminated from our consideration by verdicts of not guilty as to counts 1 and 7, and a dismissal by the court as to count 2. The defendant was found guilty of each of the other offenses charged. Section 1461a of the Penal Code provides that the procedure to be followed in misdemeanor cases filed in municipal courts shall be the same as that provided for in justices’ and police courts, as specifically provided in sections 1426, 1426a, 1427, 1428, 1429, 1430 and 1433 to 1460, inclusive, in so far as the same may be applicable to municipal courts, except where other provisions of law provide for different procedure, in which case such other provisions shall apply. None of the aforesaid sections of the Penal Code authorizes an amendment of the complaint. Section 1387 of the Penal Code reads as follows: “An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor, unless such order is explicitly made for the purpose of amending the complaint in such action, in which instance such order for dismissal of the action shall not act as a bar to a prosecution upon such *776 amended complaint; but an order for the dismissal of the action is not a bar if the offense is a felony.”
This section is found in part II, title X, chapter VIII, of the Penal Code, and the chapter is entitled, “Dismissal of the Action Before or After Indictment for Want of Prosecution or Otherwise.” Appellant’s contention that section 1387 refers only to cases of preliminary examination where the judge is sitting as an examining magistrate is not well taken. It is doubtful whether section 1387 of the Penal Code applies to orders for dismissal in the municipal court. It is held in People v. Hrjak, 85 Cal. App. 301 [259 Pac. 353], that section 1387 of the Penal Code does not apply to dismissals in justice’s court of a charge of misdemeanor on preliminary examination, and that the only orders for dismissal to which section 1387 applies are the orders for dismissal provided in part II, chapter VIII, of title X, of the Penal Code, which are enumerated in section 1382 of the Penal Code, and relate to proceedings in the superior court. In In re Harron, 191 Cal. 457 [217 Pac. 728], the point was left undecided as to whether section 1387 of the Penal Code applies to orders of dismissal in the justices’ courts.
It seems to us that in no event has the defendant been prejudiced. If section 1387 of the Penal Code were held to apply to proceedings in justices’ and municipal courts, then this section provides that where the action is dismissed, if the offense is a misdemeanor, the order for dismissal of the action may be explicitly made for the purpose of amending the complaint. Such order was made in this action. If section 1387 of the Penal Code does not apply to proceedings in justices ’ and municipal courts, there is no section of the Penal Code which either authorizes or forbids the dismissal of an action for the purpose of filing an amended complaint. Since we find no provision of the code other than section 1387 which provides that a dismissal shall operate as a bar to further prosecution for the same offense if it is a misdemeanor, we must hold that the legislature did not intend to forbid a dismissal for the purpose of filing an amended complaint in misdemeanor actions in the justices’ or municipal courts. In respect to the new and different counts in the amended complaint which the defendant moved to strike, the defendant was in no different situation than if a new complaint had been filed. In fact,' if an amendment *777 is not proper, it will be treated as a new complaint although, not so labeled. (People v. Lee Look, 143 Cal. 216 [76 Pac. 1028].)
If the defendant has been aggrieved it is not because of the filing of this pleading but because he was compelled to face trial on two charges on which he had been previously tried. Three possible objections may be made by a defendant in such a situation, former acquittal, once in jeopardy, and that the action is barred by reason of the dismissal. The first two defenses are not available under the plea of not guilty but must be specially set up or they will be deemed waived. (In re Harron, supra, p. 467; People v. Newell, 192 Cal. 659 [221 Pac. 622].) As defendant made no attempt to set up the pleas of former acquittal or once in jeopardy at any time, he must be deemed to have waived them. As we have already held, prosecution of the new complaint was not barred by reason of the dismissal of the former complaint.
The judgment is affirmed, and the appeals from the order denying the motion for a new trial and from the order denying the motion in arrest of judgment are dismissed.
Shaw, J., and Bishop, J., concurred.