[Crim. No. 192. Fourth Appellate District.—May 19, 1936.]

In the Matter of the Application of LOUIS GARCIA for a Writ of Habeas Corpus.

Karl F. Kennedy for Petitioner.

Dan F. Conway, District Attorney, and S. L. Heisinger, Jr., Deputy District Attorney, for Respondent.

BARNARD, P. J.—A complaint was filed in the Justice's Court in Fresno County charging the petitioner and a man named Monroe with having the carcass of a female deer in their possession in violation of section 1250 of the Fish and Game Code, as amended. (Stats. 1935, p. 1320.) Monroe pleaded guilty and was fined $75, and the petitioner stood trial. The first jury disagreed, but on a second trial he was convicted. On November 8, 1935, he was fined $200, with the alternative of 100 days in jail, and written notice of appeal was filed in the justice's court on November 12, 1935. Apparently the justice then sent the papers to the superior court as the record in that court shows, under date of November 13, 1935, "Filed papers on appeal." However, the petitioner filed a statement of the case in the justice's court on

November 16, 1935, in accordance with section 1468 of the Penal Code, and a notation of the same was entered on the docket on that date. It appears that the district attorney filed suggested amendments to this statement in the justice's court on November 19, 1935, but no notation thereof was made on the docket.

The next entry in the superior court, after November 13, 1935, was on January 31, 1936, when the district attorney filed a notice of motion to dismiss the appeal on the ground that the appeal had not been prosecuted by the appellant within the time required by law. On the same day, the petitioner filed notice of a motion to bring on the motion to dismiss the appeal for hearing, and for a hearing on the appeal. These matters came on for hearing on February 14, 1936, the statement on appeal having been filed the day before. The court entered its order dismissing the appeal and refusing to pass on the other matters presented. A certified copy of the order dismissing the appeal was filed in the justice's court on February 28, 1936, and, on March 2, 1936, a commitment was issued by the justice of the peace upon which the petitioner was taken into custody. The application for this writ followed.

The main question here presented is whether the justice's court had jurisdiction to issue the commitment and this in turn depends upon whether the superior court exceeded its jurisdiction in dismissing the appeal under the circumstances here appearing.

The superior court based its order dismissing ·the appeal upon the case of *People* v. *Bathurst*, 98 Cal. App. 552 [277 Pac. 201, 202]. In that case it did not appear that any statement to be used on appeal had been prepared, served, settled or filed at the time the motion to dismiss was made, which was long after the time allowed by the statute for the filing and serving of such a statement. In commenting on section 1468a of the Penal Code, the court there said: ''This section insures a defendant the right to demand a hearing within the time prescribed, or to discharge, but its salutary application is predicated upon compliance by the defendant with other indispensable requirements of the same code.''

In the instant case we have a different state of facts, in that the petitioner had complied with the other requirements

of this code and in addition to filing a notice of appeal had served and filed his statement on appeal within the time allowed. The district attorney had filed suggested amendments to this statement and he states that the justice had settled the statement. Whatever the fact in that regard, no such settled statement was filed in the superior court prior to February 13, 1936, at least. It is the respondent's contention that it was the duty of the petitioner, as the appellant, to see that this statement was filed in the superior court and to have the appeal heard within sixty days after notice of appeal was given, and the superior court adopted this theory in dismissing the appeal.

At the times here in question sections 1468 and 1468a of the Penal Code were in effect. The first of these provided that such an appeal should be heard upon a statement of the case to be settled by the justice who had presided at the trial, and that this statement must be prepared by the appellant and filed with the justice's court, with service on the opposite party, within five days after the filing of the notice of appeal. It is then provided that the other party may file amendments to the statement and, in any event, the court must settle the statement within ten days after the appellant's statement is filed. The other section provides that the appeal must be brought to a hearing within sixty days after ''the appeal is perfected'', unless good cause to the contrary is shown, and that if this is not done the appeal shall be dismissed, upon motion.

It will be observed that while section 1468 requires the appellant to file a statement in the justice's court within a certain time, and requires the justice to settle the same within ten days thereafter, it does not provide that the appellant shall undertake the duty of seeing that this statement is filed in the superior court as a condition of perfecting his appeal. While the appeal may not be perfected, for certain purposes, until the settled statement is transmitted to the superior court, the appellant is entitled to the benefit of his appeal when he has complied with the terms of the statutes, by giving timely notice of appeal and serving and filing his statement of the case within the time allowed. The statements, when filed, are a part of the record in the justice's court and it is not to be presumed that the legislature intended to provide that such an official record should there-

after be turned over to the appellant or his attorney. On such an appeal it is the duty of the justice of the peace to transmit the proper papers in the case to the superior court and the only reasonable interpretation of the language used in the statutes is that it is also his duty to transmit these statements after the same have been settled by him. It would seem that the justice here transmitted certain of the papers to the superior court immediately after the notice of appeal was filed. The same duty rested upon him to transmit the statement of the case after the same was settled. While the statute does not provide any time within which the settled statement must be thus transmitted to the superior court, we are of the opinion that the appeal cannot be said to have been "perfected", within the meaning of section 1468a, until that has been done.

█ When the motion to dismiss was heard in the superior court it fully appeared that the petitioner had complied with section 1468 by serving and filing his statement of the case in the justice's court on November 16, 1935. It also appeared that the appeal had not been perfected until February 13, 1936, when the statement was filed in the superior court. Under section 1468a that court had no authority to dismiss the appeal until sixty days after the appeal had been perfected. That court could not divest itself of jurisdiction (*Egan* v. *McCray*, 220 Cal. 546 [31 Pac. (2d) 1041]) by purporting to dismiss the appeal when no ground to dismiss the same existed under the statute. █ It follows that the appeal is still pending in the superior court and that the justice's court was without jurisdiction to issue the commitment under which the petitioner is held.

█ The petitioner, having given bond to stay execution of the judgment pending the appeal, is entitled to his liberty until some further step is taken. (*In re Bathurst, supra.*) The appeal not having been perfected until February 13, 1936, the petitioner had sixty days from that date within which to bring the matter to a hearing. He attempted to do this but was prevented by the order dismissing his appeal. We think it naturally follows that the time during which the superior court refused to exercise its jurisdiction must be deducted and that the petitioner has the remainder of the sixty days within which to take steps to have his appeal heard.

It is ordered that the petitioner be discharged and his bail on this proceeding exonerated.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 2, 1936, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1936.